UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

| | |
|---|---|
| In Re Paul Wojciechowski | ) |
| | ) 16-42442 |
| and | ) Ch 13 |
| Mary Wojciechowski | ) September 22, 2016 |
| Debtors | ) |

Second  Objection of Creditor /Claimant Susan Mello and Susan H Mello LLC to the Plan and the scheduled following the  9/15/16 amendments

Comes now Creditor /Claimant Susan Mello and  Susan H Mello LLC and objects to the Plan and schedules as amended 9/15/16 for the following reasons:

I  On April  11, 2016   debtors filed  under Ch 13 .   where  the undersigned is a creditor/claimant.

II.   On September 15, 2016 Debtors filed a second set of amended   schedules and an amended Plan.

III. This  updated  Objection seeks to   addresses  new issues that came to light since the September  16, 2016 Objection , primarily relating to  payroll deductions,  claimed health insurance costs as well as  caselaw  how to calculate  children  in a part time  physical custody situation

1

While the exhibits have not been reacttached the below list of Objections has the new added objections included in it so that the court and parties may have a unified document.

OBJECTION

1. The schedules as amended 9/15/16 are in bad faith and do not meet the requisite standard of regard for the truth including

a. On page 1 it list a new job identified only as SSE.

It seems to have the same or nearly same income and seems to falsely show the child support as a payroll deduction . That is not possible. The court does not even show one requested for this employer. Then even if one was requested , in St Louis County is generally takes 2 weeks or more for it to be sent out by certified mail.

.Then as at , the employer then has 2 weeks to begin the witholding and 7 days to send the check after the paycheck, such it will likely a month before any payroll deductions. .https://ocsp.acf.hhs.gov/irg/irgpdf.pdf?geoType=OGP&groupCode=EMP&addrType=EIW&addrClassType=EMP.them

b. On the same page , it seems to show an excessive amount of claimed tax and FICA deductions for Mary Wojciechowski. She shows she earns around $34xx/mo gross and yet claims to owe $803 in taxes and FICA. . The on line payroll deduction calculator at https://smartasset.com/taxes/missouri-tax-calculator, shows for married person , earning

2

$4000/mo the federal tax rate would be 10% an effective rate of 4.28 %, her share of FICA and Medicare would be 7.65% and the state tax rate would be 6%, for total required annual deductions of $5119, a monthly amount of $430, not $803 . Where they have a mortgage and those expenses, the rate might even be lower .

   c. On that same page, there is an excessive and unreasonable duplication and over high amount for claimed health insurance This is so where the male debtor shows over $600 for claimed health insurance. He and the children were already on the family plan at Express Scripts where the female debtor works. The cost for the family plan as in debtor's 11/30/15 email, to the undersigned was a total of Monthly - 197.02, just $106 more than one Mary has now. There should not be two plans and certainly not the claimed $670 . That $500 should go to the plan. It is also dubious the $670 is even the costs, the on line job listings for SSE for the St Louis office for similar positions claim, to include health insurance. The $670 plan also does not seem to offer much where they are still claiming $350/mo in out of pocket expenses.

   d. On page 3 of the submission it again falsely lists 4 children as if residing with them , and where one does not even see him and debtors pay no living expenses for her; and the others are there less than half the time living with their mother who has primary physical custody..   It is submitted the most equitable fair determination  especially on variable expenses such as utilities is to apply a functional equivalent standard for the number of persons that together comprise the economic unit. Where three children spend 5 of 14 nights with debtor , that would be 15/14the. If you add in some days for vacation and special days that might be 6 of 14 days , that would be 18/14ths , or 1.3, as  such as in In re Robinson, 449 BR 473 ( ED Va 2011) , the correct number

3

would 5 not 6, the 2 adults and the three back and forth.

e.   On page 4 it repeats what has to be known false claim of the utilities of close to $700/mo ($307, $96, $130 phone $59.99 for internet and cable plus a series of $69 for digital streaming). This is contrary to his own statements where in November 2015 in a sworn Statement of income and expenses prepared by the male Debtor in the Circuit court case he showed a monthly amount 0f less than $500/mo ( gas $31 ;.$22 water;, $73 electric ) est $170 plus phone and cable, where would have MSD and Trash of each about $22) .

It is also not reasonable that a small under 1200 square foot house primarily occupied by 2 adults that work during the day and 1. 3 children would have such bills on an average basis .

f On page 4 they claim $1000 for food and housekeeping for what are 2 adults , with 3 part time children; plus $250 for clothing and cleaning , and personal care, which is excessive.. especially where the mother is the one to buy the clothes and where the children are with their mother on most of the overnights . Here

g On page 4 they claim $250 for educational expenses when there were none and the children are in public school even if for some outside expenses they re split with the former wife;

4

h  On page  10 line 7b they use  6  persons as those in the household, when only  3 children  are his for  tax  purposes and the oldest  does not see him  and the  3 are with him less than half the time . As above, as in  In re Robinson, 449 BR 473 ( ED Va 2011) stating :

. each child can best be described as a fractional member of the household. In order to most accurately approximate the Debtor's overall household size, the Court will apply a functional equivalent standard for the number of persons that together comprise the economic unit. As the four children spend four-sevenths of each week with the Debtor, they mathematically approximate, when viewed in the aggregate, two full members of the economic unit.[ Thus, this Court holds that the Debtor together with his children comprise a household of three. Accordingly, the Debtor is entitled to claim a "household" size of three for purposes of completing form B22C and for purposes of complying with 11 U.S.C. § 1325(b).

In re Robinson,supra

Using that same  formula the most would be  three, not four,  not  five  or six.

Here, there are  3 children that in a  14  day period are at  debtor's residence only  5  nights. That  formula  would then be  3x  5  divided by 14  which  1  1/.14ths ,  even if you  add in  1/2 night  to account for  vacations holidays  , even if  add full  day  6 x 3   is  18 divided by  14,  1 .3 ,

i.On page 10  line 9 they  use the 6,   which is  false and too many  as the  number of persons for  housing .  It should at most be 5 for some purposes and 3 for others.

j   On p 11  line 14 of charitable contributions  the claimed   $170/mo to St Stans is likely false  where  they  have not  gone to  any  major  events   such as the  festival or  the annual meeting  to vote   and their son is  off the  altar  server list as if  they  dropped out  and  sons  do not seem  to be in the PSR  photo;

k  On page  10 line  16 they again falsely  use the wrong  amount for personal property  taxes  where  even after a reminder the amount is  available on the County website the tax is not

5

$600/annual amount ,it is $458, $38.10/mo .https://revenue.stlouisco.com/collection/ppinfo/  not the $50 /mo they used .

l. On page 10 line 9b they do not use the actual amount for the mortgage but in what seems to a kind of double dipping use the amount with the arrearage and then in the plan after deducting same, seem to include payment of the arrearage

m On page 11line 12 and 13 on the national standards

://www.irs.gov/businesses/small-businesses-self-employed/local-standards-transportation

Debtors have the standard for ownership cost for 2 cars as $1034 when the standard for 2 cars is $ 942  an overstatement  and on the ownership cost have $24 when it is $382, another overstatement of

m On p 26 line 16 where they have $1683 as the amount they actually pay in taxes, The form's direction even say if receive a refund divide by 12 and deduct it to get to the actual amount of taxes. They ignored the form direction and the reminder where the undersigned mentioned this in the prior objection .

 Where they received a refund of $7635 / year in effect means they over paid the taxes by $636/mo . and the taxes should be reduced by $636/mo and with the same tax deductions will receive one again . It should go all to the plan ; and try to use false high tax deduction as a means to generate some fund for debtors ahead of the creditors.

   Plus they again falsely misstated their own figures. As above on page 2 , even before getting to the fact should include the refund, and Mary should not try to conceal or shelter

$373 in claimed payroll deductions that are not owed, where they now show his tax payroll deduction as $773 and hers as $803, the total is $1576 not $1683, again to the detriment of creditors .

n Here too there is the questionable cost of health insurance . There is extra high insurance for him and there should be no separate insurance . They can do as expected and standard have one family plan, the $197/mo one at Express Scripts.

 o Questionable statements at page 23 where they show to try to add in $75 for optional phone . They already claimed in utilities thye had $130 which included a family plan. It cannot be for the children ,as the debtor complained the mother does not let the older ones use it and it was being cancelled . The younger boys are not even of an age to have a phone .

 p. False inexplicable claims at page 26 line 21 while they now list $125 in education expenses where the children attend free public schools.

 q They included the above in the false totals on page 13


 r page 15 line 34 they again misstate the ownership of the Undercliff property where it is his only if he pays the second mortgage and is under an order that it is to be sold if not paid by 12/10/16 . It leaves off it is DSO and seeks to omit the correct name of the creditor US Bank as Trustee for the CV Trust

 2. In addition to the above, the 9/15/16 amendments left the August 2016 schedules

7

uncorrected false and misleading where :

A. They continue to show correct false claims on the real property ownership including

-On page 1-2 as above they show him as awarded the house when instead as in the court orders it is his only if her removes his former wife's name off the loan by 12/10/16.

- On page 2, they further sought to mislead and repeat what appears to be known false statements on who owns the Charlack Ave property. They have it marked as owned by Paul in his name alone. According to the St Louis County revenue website it is only by Mary in her name along bought under her prior name of Mary Aubertin. This was another example of an item called to the attention of debtor and debtor counsel and ignored.,

There are false claims at page 5 line 28 where it still falsely says there is no 2015 tax refund. This was filed after they were notified there has to be a refund and have yet to account for it ; as in the copies provided in court 8/23 it showed a 2015 refund of $7635.

C. There remain false claims at pg 14 The Debtors falsely listed at p 14 payments to the undersigned as preferences where they were for new value in that the undersigned continued to work on an open pending County Circuit court case providing new value . At the same time , they show payments to Paul Wojciechowski's father, Peter Wojciechowski , which would seem to be preferences and they are not shown as such.

As in 11 USC 547 :

(2) "new value" means money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law, including proceeds of such

8

property, but does not include an obligation substituted for an existing obligation, and

Section   c provides  it is not a preference —

(1) to the extent that such transfer was—

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange.
.


3  In  further addition,  the  April 2016 schedules ( as unamended by the August 2016 and September 2016  amendments)  remain false and misleading ,

This includes the failure to the correct the following even where sent reminders where:

A. At Page 8 in the summary  the  income is still shown as not including the VA income and the expenses are false

B. At  Page 9 where as in the Circuit court case, the student loans   Debtor had total $50,000 not $26. 105)

D. At Page 25 it lists both debtors on an Aly Financial item from   2005-2009. when they did not even know each other and he was married to his first wife through 2012. That co debtor was likely his former wife.

E. At Page 26 it lists both debtors on a GM Financial  item from   2010. when they did not even know each other and he was married to his first wife through December 2012.

F. At Page 32 they list Erin Zielinski   as a creditor , She  is the lawyer for the first Mrs. Wojiechowski . There is no debt to her . The judge ruled against a claim by   Hais and Hais, where Ms. Zielinski is employed and they had a Motion to set aside or amend the judgment that

9

was to be heard on April 11, 2016 . It becomes a claim only once there is a judgment, if the judgment is amended and thus would arise only once the stay is lifted and motion can go ahead .

G.At Page 32-35 and p49-50 there are pages of student loan items listed as unknowns. That is false; Paul Wojciechowski obtained a detailed listing in November 2015 listing each of the loans that total $50,000,.

H.At Page 39 Paul lists a credit card MABT and a balance of $598. It has a date of 2014 such that if it existed should have  been on the Nov 2015 Circuit court financial statements he prepared ; instead in November 2015 he lists only  one  credit card for him: Capital One and wrote the undersigned it was not owed..

I.At Page 43 its lists them again as having joint debts in 2005-6 and 2010 when they were not together .

JAt Page 45-46 there are numerous unknown Personal Finance Co items although else where it is referred to as the  July 2015  judgment $3300 which was to be paid at $125/mo and was available from a quick casenet search

K. At Page 47 the loan from Peter Wojciehowski is shown as $1500 from 2015  when in November 2015 it was $500 .

L.At Page 51 where it has the Scott Credit Union there is a   $12, 503 balance from the surrendered 2011Jayco camper , it shows last active 2015 and yet no camper was listed as surrendered within 2 years.

M.At Page 52 it has only Susan H Mello and fails to have the current amount, no LLC or show the lien, which was undisputed .

N.At Page 58 it lists his mother as a co debtor on the Jayco RV but in the Plan does not seem to mention her

O At page 58 it lists the Citimortage on the second mortgage , with it falsely claimed on page 58 claiming it was not reaffirmed in the ch 7 (when it did not need to be and was a DSO as in the 2012 divorce judgment and 2015 modification ) . It also fails to list those to whom the debt was assigned , US Bank as Trustee for CV Trust . It ignores that there are 2 consent judgments creating the DSO and a hold harmless agreement where Paul Wojciechowski agreed to pay it

4. The Plan should not be approved where it is based on false claims and not feasible and does not meet the standards in that :

A It includes $447 unsecured amount for FCCU as well as the secured amount:

B. The plan seeks to exceed what is allowed for the expenses, and does not have the refund or the correct amounts for disposable income.

C .There is no allowed payment for unsecured claim or for the treatment of the claim of the undersigned who has a lawyers lien and a common lien on having created a pool of funds equal to the $11,000 in what was saved on the compromise on the arrearage, the value of the 2 tax exemptions ( which for 2015 had a value of $3000) and the savings since December 10,

2015 of the reduction of child support and maintenance from $22xx/ mo to $19xx/mo ($2700)

D The Plan does not seem to meet the requirement to see all DSOs are paid . The contention they will file an adversary seems specious where they do not even seem have the correct name for the creditor to have provided notice,and where caselaw is clear as in Wallace v Marble, 426 B.R. 316 (8th Cir. __) ;Williams v. Williams (In re Williams), 703 F.2d 1055, 1057 (8th Cir. 1983) ("[U]ndertakings by one spouse to pay the other's debts [. . .] can be `support' for bankruptcy purposes."); Burton v. Burton (In re Burton), 242 B.R. 674, 678 (Bankr.W.D.Mo.1999) In re Phegley  BR__, . (09-44269); Adams v. Zentz , 963 F.2d 197, 200 (8th Cir. 1992);Boyle v. Donovan, 724 F.2d 681, 683 (8th Cir.1984) ; Kruger v. Ellis (In re Ellis), 149 B.R.925, 927 (Bankr. E.D. Mo. 1993 Morgan v. Woods(In re Woods), 309 B.R. 22 (Bankr. W.D. Mo. 2004);In re Tatge, 212 B.R. 604, 608 (B.A.P. 8thCir. 1997); Schurman v. Schurman (In re Schurman), 130 B.R. 538, 539 (Bankr. W.D. Mo.1991) (citing In re Gianakas, 917 F.2d 759 (3d Cir. 1990)).

The code section is found at . 11 U.S.C. § 523(a)(5)-as in 11 U.S.C. § 101(14A),and notes:

the term "domestic support obligation" means:
[A] debt that accrues before, on, or after the date of the order for relief in a case
under this title, including interest that accrues on that debt as provided under
applicable nonbankruptcy law notwithstanding any other provision of this title,
that is-
(A) owed to or recoverable by-(I) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
. . .

(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

©) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of-

(I) a separation agreement, divorce decree, or property settlement agreement;

. . .

(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

.. This is especially so where the rule is exceptions from discharge for spousal and child support deserve a liberal construction,and the policy underlying § 523 favors the enforcement of familial obligations over a fresh start for the debtor, even if the support obligation is owed directly to a third party.See Holliday vKline (In re Kline), 65 F.3d 749 (8th Cir. 1995); Williams v. Kemp (In re Kemp), 242 B.R. 178,181 (B.A.P. 8th Cir. 1999), aff'd 232 F.3d 652 (8th Cir. 2000). end of quote

It is also contrary to In Re Younes Bankruptcy No. 14-01792. Adversary No. 15-09008.

    G. The Plan and filings do not meet 11 USC 1325 . and has not been properly investigated such that under Chapter 11 and 28 of United State Code and under its general powers of supervision over court filings this court should find:

(1) The plan does not comply with the provisions of this chapter and with the other applicable provisions of this title;

13

(2)The plan has not been proposed in good faith..

(3) The action of the debtor in filing the petition was not in good faith;

(4) The debtor has not applied disposable income as defined in 11 USC 1325 to the plan; and

(5) the plan is not feasible .

and (6) the debtor has failed to pay a DSO failing to pay the second mortgage and likely failing to pay and being behind on the child support.

In addition to the above the totality of the circumstances here includes :

A The Debtors did not just make the above listed unreliable and false statements failing to properly set out their assets or income and expenses or accurately file the schedules . The Debtors , have engaged in a pattern of evasiveness and dishonesty .

This included

I. At the May 2016 creditors meeting Debtors fraudulently reaffirmed the false schedules and made further known statements to the two questions asked namely that:

(I) He stated he solely owned the Hazelwood property and to the effect was in his name alone when instead it is still owned by him and his former wife where he was given to December 2016 to pay off the second mortgages or refinance or it would be ordered sold;

(ii) He had full joint physical custody suggesting he would have cost for four children . Same is wholly false, as in the 2014-2015 filings, he has not had any such expenses for the

oldest child who has refused to see him or be in his physical custody since September-October 2014, and even with the new schedule beginning December 2015, his former wife still have the majority of overnights and days.

(iii) Through their lawyer they engaged in evasive and misleading and.or dishonest statements contrary to what is expected of an honest debtor . Said counsel made false statements in writing and/or on August 23, 2016 to the court to evade discovery falsely claiming there was no service of a Request for Production when same had to be known not to be true; said lawyer made false claims about the number of prior amendments, about the local rules and about a court decision all to be evasive . They then made further known false claims in a purported Answer and to try to conceal the complicity and mendacity filed bad faith objections and sought to thwart to discovery with a further bad faith Motion.

D. Debtor Paul Wojciechowski has a history of being not just a serial filer ( where in 2007 he and his former wife filed Ch 7 ) but of showing a disregard for the fresh start given by the code. Instead of acting as an honest debtor, (even when Paul Wojciechowski and his former wife had added expenses with two additional children for a total of four , and he had student loans), his response was to spend lavishly looking no doubt to proceed with a second bankruptcy . This kind of lavish spending is shown not only in the claimed high spending for food and on entertainment but in auto purchases where :

I. Instead of a reliable used car he bought a new 2010 Ford F150.

ii. In 2011 even when his own credit would not permit it from Scott Credit Union and he had to ask his mother to co sign with him he financed an $18,000 2011 Jayco RV .

15

    iii Even in 2012, when he and his first wife separated and it was apparent  he would need to be the main support for two households,  his response was to take on new debt and  upgraded from a 2010 working truck to  a new Ford 150 , where his auto payment was over $600/mo .

    iv.   During the course of the modification , even where he was to make good faith payments on the support, instead in summer 2015 failed to make any child support payments at all and even when he had those extra funds  did not pay on his debts.

    E.   From 2012 to 2015  Paul Wojciechowski has a habit , custom or pattern of making false representations. He made them to  two different judges in 2 different court matters in 2 different courts, in addition to the ones here .  They include:

  I  In December 2012, to Judge Essner  Paul  entered into a consent judgment on the divorce, a judgment he had no intention to pay , for him to pay on the Jayco RV and to pay on both mortgages.  He made no effort to pay on either .

    ii In July 2015 , in St Charles he did not just enter into a consent judgment , he directly agreed to make $125 /mo payments to Personal Finance and  did not ; he listed it on his sworn statement of expenses as if he was making the payments but from the looks of it never had any intention to pay .

    iii. In  December 2015, even where it was to resolve a contempt motion, and he entered into a consent judgment to pay the second mortgage and see his former wife's name was off of the second mortgage , he had no intention to take care of it .   The totals show he had no such intention even at the time . Instead he was just biding his time  until the   modification was over

16

reducing the maintenance and child support and the arrearage and waiting for the fee issue to be decided to file .

    J. He made the false representations to the undersigned as in the adversary falsely representing an intention to pay when he had no such intention to string the undersigned along until she obtained the relief in   December 2015 with their own  filings here showing  they were already making  plans to file bankruptcy,  while stringing the undersigned along.   This is shown by their own actions where:

    K Although their monthly gross income was over $10,000/mo, where the net around $5000-$7000/mo  plus , even if they paid a thousand dollars for the car payments , they had money to pay the mortgage . Yet as  someone would do only if going to   file bankruptcy where they did not have to worry about foreclosure, they had a 2 month arrearage on the Hazelwood house , having stopped paying in January- February 2016. Most telling is they did this when they had added money when   the child support/ maintenance was reduced from $22xx to 1938/mo, and where they had gotten substantial break   of over $10,000 in child support that was in arrears and was even allowed to pay it with a tax refund by claiming the children even where the deductions were awarded his ex wife in the divorce.

    L The totality also includes their other conduct where as representing payments to the undersigned   their actions show they had decided   to file for Ch 13in 2015. We can tell that since not only did they stop paying the trash and MSD bill on the Charlack property but they stopped paying the Ameren bill, did not make arrangement, but allowed it to go to collection, not caring if the power was off in freezing weather, not caring if the pipes would freeze, something

17

would so only if planned to walk away from the house.

M There was no outside force, no calamity, no unexpected emergency that caused them to file.   Instead    their finances had improved since their wedding in 2014; he had a better job and the child support was reduced and he was to receive two added tax exemptions and given a   year to work on the refinancing .

N Despite reminders and  the duty of Debtors to provide full disclosure and information sought to conceal   and l, withhold information including as to the tax refund and the actual expenses, they did not even seek to make any genuine effort to meet the standards. They did not care if the filing was fundamentally fair , they did not car if the schedules and statements, were accurate and reliable, or even true;   Wherefore for these  reasons   Creditor /Claimant  Susan Mello  and Susan H Mello LLC objects to the schedules as  amended and to the new  Plan .

      Respectfully submitted

    BY   /s/ Susan H Mello
   Susan H Mello 31158 /3841
    Susan H Mello LLC
  7751 Carondelet, Suite 403
  Clayton, MO 63105
  (314) 721-7521
  (314) 863-7779 FAX
   Pro se Creditor  and   Attorney   For
   Creditor  Susan  H  Mello LLC

Certificate of service

The undersigned   confirms that   she served as copy of Angela Redden-Jansen  and Diana Daughtery to the best of her knowledge on 9/16//16  those eserved with this documents via the Court's CM/ECF system on the _19_ day of _September __ 2016   are all necessary parties
/s/ Susan H Mello