UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re Paul Wojciechowski | ) |
| | ) |
| | ) 16-42442 |
| and | ) Ch 13 |
| Mary Wojciechowski | ) |
| | ) September 22, 2016[1] |
| Debtors | ) |

NOTICE

PLEASE TAKE NOTICE: ANY RESPONSIVE PLEADING IN OPPOSITION TO THIS MOTION/PLEADING MUST BE FILED IN WRITING NO LATER THAN 21 DAYS FROM THE DATE OF SERVICE OF THIS MOTION/PLEADING AS SHOWN ON THE CERTIFICATE OF SERVICE. (See L.R. 9013-1(B) and 9061(B))  THE RESPONSE MUST BE SERVED AT THE TIME OF FILING ON THE UNDERSIGNED AND ON ALL ENTITIES DESCRIBED IN L.R. 9013-1(A). THE COURT MAY GRANT THE MOTION/PLEADING WITHOUT FURTHER NOTICE TO ANY PARTY ON EXPIRATION OF THE RESPONSE PERIOD IF NO RESPONSE IS FILED.

IF A RESPONSE OR OBJECTION IS FILED, THE MOVANT, APPLICANT OR CLAIM OBJECTOR SHALL SET THE MATTER FOR HEARING AND PROVIDE NOTICE THEREOF TO THE RESPONDENT AND ALL ENTITIES DESCRIBED IN L.R. 9013-1(A). If a hearing is needed it will be held October 13, 2016 at 11am in courtroom 7 north

Creditors' (Amended) Motion to Dismiss Debtors' Petition with prejudice for cause

Comes now[2] Creditor Susan H Mello and Susan H Mello LLC and move for the dismissal with prejudice of the above Ch 13 proceeding for cause and for such other relief as proper for the following reasons:

1. Debtors filed their initial petion per Ch 13 on April 11 and then filed amended schedules and plans on or about August 13, 2016 and September 13, 2016 .

---

[1] Likely being amended where there were new schedules and as new plan on 9/15/16

[2] In addition to the filed Objection incorporating the new false claims and omissions in the September 15 2016 schedules and plan.

2.By this Motion, in addition to filed Objections, the undersigned Creditors/Claimants[3] move for dismissal with prejudice pursuant to S 1307 under which t has the authority to dismiss a petition for cause .

3. The focus in a determination of whether good cause exists for dismissal is whether the filing is fundamentally fair to creditors and more generally is the filing fundamentally fair in a manner that complies with the spirit of the Bankruptcy Code. In Re Love, 957 F2d 1350 (7th Cir 1992).

4. Under the applicable standard , if the debtor lies in his statement of assets and debts and if as a result of these misstatement one creditor will be disproportionately disadvantaged, it is proof of objective unfairness . In Re Love, supra as quoted in In Re Luedtke, _ BR __ ( Bankr ND IN 2011),08-21611.

5. The need for accurate disclosure of information is equally necessary in a Ch 13 case .as in a Ch 7 case. Luedtke supra , citing In re Costello. 299 BR 882, 899-890 ( Bankr ND Ill 2003).

6. The applicable elements on a Motion to dismiss are (a) debtor made a statement under oath, (b) the statement was false (c) debtor knew the statement was false , debtor made the statement with the intent to defraud amd the statement related to the bankruptcy in a material way. Luedtke supra .

7.. Once the movant has established a prima facie case, the debtor must submit credible evidence refuting the showing of bad faith. Bank of India v Sapru, ,127 BR 306, 314 ( Bankr ED NY 1991) .

---

[3]Susan H Mello being a listed creditor, Susan H Mello LLC and Susan H Mello LLC being claimants.

8. The showing of bad faith can be met by direct or circumstantial evidence and showing reckless indifference to the truth.. InRe Cecil, , _ BR __ 15-6026 (8th Cir BAP 2015) where as stated therein :

... Statements made with reckless indifference to the truth are regarded as intentionally false, and fraudulent intent may be established by circumstantial evidence..Determining whether disclosure is material is not for the debtor to decide. ... Successful administration of the bankruptcy laws depends on the debtor's ful disclosure...

9. The standard requires Debtors see there is full and complete disclosure and accurate and reliable schedules with it stated in In Re Cecil,. supra:

.. the [Bankruptcy] Code requires nothing less than a full and complete disclosure of any and all apparent interests of any kind. The debtor's petition, including schedules and statements, must be accurate and reliable, without the necessity of digging out and conducting independent examinations to get the facts...In re Cecil.supra

10 Strict enforcement of seeing only those debtors who meet the standard of full and complete disclosure and provide accurate and reliable schedules is a matter of public policy where only by being honest and candid is a debtor entitled to a discharge :

Full disclosure is required, not only to ensure that creditors receive everything they are entitled to receive under the Bankruptcy Code, but also to give the bankruptcy system credibility and make it function properly and smoothly..Bankruptcy provides debtors with a great benefit: the discharge of debts. The price a debtor must pay for that benefit is honesty and candor . In Re Cecil, supra citing InRe Korte , 262 B.R. 464, 469 (B.A.P. 8th Cir 2001) ..

11. Under the law, a false oath sufficient to be good cause for dismissal may consist of a false statement or omission in the schedules , as well as false statements at the creditors meeting under oath . Luedtke supra citing In re Bailey , 53 BR 732 , 731 ( Bankr WD KY 1985).

12. It is proper a court consider the cumulative effect of "the aggregate " errors and omission. Luedtke, supra citing In re Bostrom, 286 BR 352 , 360-361( Bankr N D Ill 2002).

13. It is especially proper to find a lack of good faith where there have been a number of false oaths by the debtor with respect to a vareity of matters which can be deemed to establish a pattern of reckless and cavalier disregard of the truth . Luedtke supra citing Bailey supra and Bostrom.

14. It is proper as well for a court to consider false statement that were made and later correcte with the rule being a debtor cannot excise a false oath by making subsequent correction to his bankruptcy petition and instead is that to allow the debtor to do that would and submit amendments with no penality only when caught would mean cheating would be altogether too attractive . Luedtke supra citing In re Bailey, 147 BR 157, 165 ( Bankr, N D Ill 1992 citing In re Boba, 280 BR 430 ( Bankr ND Ill 2002), Payne v Wood, 775 F2d 202 ( 7th Cir 1985) and Mazer v US, 298 F2d 579 ( 7th Cir 1962).

15. A statement is material for purposes of such sections if it relates to the debtor's estate. involves the discovery of assets .or concerns the dispostion of the debtor's property or his entitled to discharge Luedtke, supra citing In re Chalks , 748 F2d 616(11th Cir 1984).

16. Here the debtors engaged in bad faith by making false statements and omissions under oath , not just in the initial petition but repeatedly on a variety of matters including their income, their assets, their debts, there expenses and even what they paid and if they received a tax refund .

17. The false statements in the April 2016 schedules that they later sought to amend after being caught included where they :

A Left out their VA income as income and had to be caught by the Trustee;

B. Double claimed the $1938/mo in child support first as a payroll deduction and then as an

expense and had to be caught by the undersigned ;

  C.  A Claim of over $800 in claimed utilities where  they were caught by both the Trustee and the undersigned :

  D . A Claim   Paul Wojciechowski owns the 636 Undercliff Hazelwood MO residence and , the fact it is likely the first and second mortgages are DSOs , which was caught by undersigned and which Debtors tried to mislead the court

  E. A Claim in the plan to pay only to the student loans that both the Trustee and the undersigned had to catch as unlawful.

  18 These same Debtors also left known false claims , errors and omissions in the  April schedules and filings which included;

  where as of  September  21, 2016  even after  partial  corrections there  remain false statements omissions and errors in  these parts of the  April  2016  filings   that were not amended:

  a.At Page 8 in the summary  the  income is still shown as not including the VA income and the expenses are false

  b. At  Page 9 where it has the wrong amount for the student loans,  an amount the Debtor has  in November 2015 and which he could easily get from a website :

c. At Page 25 it lists both debtors on an Aly Financial item from   2005-2009. when they did not even know each other and he was married to his first wife through 2012. That co debtor was likely his former wife.

d.At Page 26 it lists both debtors on a GM Financial  item from   2010. when they did not even know each other and he was married to his first wife through December 2012.

e.At Page 32 they list Erin Zielinski   as a creditor . The creditor is the former wife and possibly the law firm of  Hais and Hais, but it cannot be  so listed  where it is not ripe it was  denied   in an

order dated January 11, 2016, they filed a Motion to amend which ws set to be heard on April 11, 2016 , One of the reasons it waas denied was he had his own expenses namely paying the undersigned and if that changes theen there would be a new review of the finances and even then it would not be dischargeable where it is a DSO.

f.At Page 32-35 and p49-50 there are pages of student loan items listed as unknowns. As above , that is false and inaccurate; ; Paul Wojciechowski obtained a detailed listing in November 2015 listing each of the loans.

g.At Page 39 Paul lists a credit card MABT and a balance of $598. It has a date of 2014 such that if it existed should have been on the Nov 2015 Circuit court financial statements he prepared ; instead in November 2015 he lists only one credit card for him: Capital One . He also wrote the undersigned it was not owed..

h.At Page 43 its lists them again as having joint debts in 2005-6 and 2010 when they were not together and it was joint with the former wife.

iAt Page 45-46 there are numerous unknown Personal Finance Co items although else where it is referred to as the July 2015 judgment $3300 which was to be paid at $125/mo and was available from a quick casenet search

j. At Page 47 the loan from Peter Wojciehowski is shown as $1500 from 2015 when in November 2015 it was $500 .

k.At Page 51 where it has the Scott Credit Union there is a $12, 503 balance from the surrendered 2011Jayco camper , it shows last active 2015 and yet no camper was listed as surrendered within 2 years.

l.At Page 52 it has only Susan H Mello and fails to have the current amount, no LLC or show the lien, which was undisputed and on which no objection was filed to the July claim .

m.At Page 58 it lists his mother as a co debtor on the Jayco RV but in the Plan does not seem to mention her

o At page 58 it lists the Citimortage on the second mortgage , with it falsely claimed on page 58 claiming it was not reaffirmed in the ch 7 (when it did not need to be and was a DSO as in the 2012 divorce judgment and 2015 modification ) . It also fails to list those to whom the debt was assigned , US Bank as Trustee for CVF Loan Trust .I, that is not mentioned.  This was known to debtor who received a letter from Shellpont.

It also ignores tries to slip past the key fact   there are 2 consent judgments creating the DSO and a hold harmless agreement on both mortgages where Paul Wojciechowski agreed to pay it and hold his former wife harmless on same and has to be current on all DSOs for a plan to be approved .

19. These same debtors made known false statements under oath in the only creditors meeting, in May 2016 where they reaffirmed the uncorrected statements in the April filings and further (in the only 2 questions asked ):

A Falsely stated to the effect no one was else was on the deed to the 636 Undercliff property where the true status is the deed is in the name of himself and his former spouse as an enforcement of the hold harmless it is ordered sold December 10, 2016 if he had not refinanced or otherwise taken his former wife's name off the second mortgage;

B Falsely made claims to the effect the children were in the kind of jointly shared custody situation as if equal time where he would have regular expenses for all four of them as in the schedules, when instead as he knew , the oldest child,  has refused to see him since October 2014 and under the  2015 custody is not required to see him and the three boys see him only on average 5 of every 14 days .

20. These same debtors when they did  file an amendment in August 2016  to parts of the schedules , instead of seeing to actual corrections made more   false statements   at page 5    line 28 where it still  falsely  says  there is no  2015  tax refund. This was filed  after  they were notified there has to be a refund and as  in the copies provided in court  8/23   it showed a  2015 refund of  $7635.

21.  In addition in the August schedules , they   have the real property ownership wrong , even under the wrong debtor and wrong name and seek to falsely list the undersigned as preference but not list Peter Wojciechowski as such:  they still have the  real property ownership wrong :

a. On   page 1-2  of the August schedules  as above Paul Wojciechowski as " awarded" the house when instead as in the court orders it is his only if her removes his former wife's name off the loan by 12/10/16;.

b. On page 2, they further sought to mislead and repeat what appears to be known false statements on who owns the Charlack Ave property. They have it marked as   owned by Paul in his name alone. According to the St Louis County revenue website it is owned  by Mary in her name along bought under her prior name of  Mary  Aubertin

c. On  pg 14  The Debtors falsely listed at p 14  payments to the undersigned as preferences where   they were for  new value in that the undersigned continued to work on an open pending County Circuit court case providing new value under April 11 2016.  At the same time , while they   show monthly payments to Paul Wojciechowski's father,  Peter  Wojciechowski , which would seem to be preferences and they are not shown as such.[4]

---

[4] As  in 11 USC 547 :
(2) "new value" means money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void

.

22. The current  September  2016  schedules and plans has even more   false and misleading statements and omissions  were on  their  assets, their debts,  their  income, and  their tax  refund, the  number of  persons living with them, and even publicly  available  information . This includes:

   a. On page 1 where it lists a   new job identified only as  SSE, and oddly   seems to have  the same  or nearly same income , it  seems to falsely show the child  support as a payroll deduction . That is not possible. The court does not  even show a wage withholding as   requested for this employer.  Then even if one was  requested  in St Louis County is generally  takes   2 weeks or more for it to be  sent out by certified mail; then  employer  has  2 weeks to begin the   witholding and   7 days to send the  check after the  paycheck, such it will likely a month  before any payroll deductions.

.**https://ocsp.acf.hhs.gov/irg/irgpdf.pdf?geoType=OGP&groupCode=EMP&addrType=EIW &addrClassType=EMP.them**

   b.  On the same page 1, it shows what has to be some kind of dishonest  excessive amount of claimed tax and FICA  deductions for Mary Wojciechowski. She shows she earns   around $34xx/mo - $4000/mo gross and yet claims to owe  $803 in  taxes and  FICA.   The on line

---

nor voidable by the debtor or the trustee under any applicable law, including proceeds of such property, but does not include an obligation substituted for an existing obligation,  and
Section    c provides  it is not a preference —
(1) to the extent that such transfer was—
(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
(B) in fact a substantially contemporaneous exchange.

payroll deduction calculator at **https://smartasset.com/taxes/missouri-tax-calculator**, shows for married person, earning $4000/mo the federal tax rate would be 10% an effective rate of 4.28 %, her share of FICA and Medicare would be 7.65% and the state tax rate would be 6%, for total required annual deductions of $5119, a monthly amount of $430, not $803/mo. Where they have a mortgage and those expenses, the rate might even be lower. Th difference from the $430 v $803 is properly due the creditors in the plan.

   c. On that same page 1, there is an excessive and unreasonable duplication high amount for claimed health insurance This is so where the male debtor now shows over $600/mo for claimed health insurance. He and the children were already on the family plan at Express Scripts via Mary's employment. The cost for that family plan as in Debtor's 11/30/15 email, to the undersigned was a total of Monthly $ 197.02, just $106 more than one Mary has now. There should not be two plans and certainly not the claimed $670 [5]. That $500 difference should go to the plan. It is also dubious the $670 is even the actual costs, the on line job listings for SSE for the St Louis office for similar positions show they include health insurance and a variety of plans.

   d. On page 3 of the submission it again falsely lists 4 children as if they reside with them. One does not even see them, the others are there on average only 5 of 14 days. They also have only three tax deductions. While it is recognized for some fixed costs such as the number of bedrooms might have a fixed costs for the 3 bedrooms for the boys, in terms of utilities and variable expenses such as food it would a functionable equivalent. Where there are three children

---

[5]This is especially so where they still claim about $350/mo in co pays, deductible and uncovered expense.

spending 5 of 14 nights with debtor , that would be 15( 5 x 3) /14ths. If you add in some days for vacation and special days that might be 6 of 14 days , that would be 18/14ths , or 1.3, as such as in <u>In re Robinson</u>, 449 BR 473 ( ED Va 2011) , the correct number would 5 for fixed expenses and 3 for variable expenses , but never the 6 as claimed here

 e. On page 4 it repeats what has to be known false claim of the utilities claiming close to $700/mo ($307 , $96, $130 phone $59.99 for internet and cable plus a series of $69 for digital streaming [6]) for a small est 1100 square foot house . The November 2015 statement gas $31; electric $73 water .$22 water;, $170 as the bunded amount for phone-cable-internet . MSD would be equal to the water bill and the Hazelwood city website shows trash as also about $22.

 This is even more so there are persons are home during the day , it occupied by 2 adults that work during the day and 3 boys that are there only 5 of every 14 days .

 f. On page 4 they claim $1000 for food and housekeeping for what are 2 adults , with 3 part time children ( which under Robinson would count as 1 child) .

 g On page 4 they claim $250 for educational expenses when there were none and the children are in public school even if for some outside expenses they are split with the former wife (and then below on another page have it as $125 as if it is some made up expense);

 h On page 10 line 7b they use 6 persons as those in the household, when only 3 children are his for tax purposes and the oldest does not see him and the 3 are with him less than half

---

  [6]Which in the November 2015 sworn statement of property phone, internet and cable was all bundled and would be included , and where as Debtor even wrote the undersigned her was terminating the cell phone for the children , the daughter would not answer or call him , the ex wife did not let the son answer and the two younger ones were too little for phone .

the time . As above, as in <u>In re Robinson</u>, 449 BR 473 ( ED Va 2011)   It would be 1 child for variable expenses and 3 for fixed .  As stated there :

   . each child can best be described as a fractional member of the household. In order to most accurately approximate the Debtor's overall household size, the Court will apply a functional equivalent standard for the number of persons that together comprise the economic unit. As the four children spend four-sevenths of each week with the Debtor, they mathematically approximate, when viewed in the aggregate, two full members of the economic unit.[ Thus, this Court holds that the Debtor together with his children comprise a household of three. Accordingly, the Debtor is entitled to claim a "household" size of three for purposes of completing form B22C and for purposes of complying with 11 U.S.C. § 1325(b).<u>In re Robinson,supra</u>

 Using that same  formula the most would be one , maybe three for fixed expenses , but with the girl not visiting and not under a custody order to visit , never six

   Here, there are  3 children that in a  14  day period are at  debtor's residence only  5  nights. That  formula  would then be  3x  5  divided by 14  which  1  1/.14ths ,  even if you  add in  1/2 night  to account for   vacations holidays   ,  even if  add full  day   6 x 3   is  18 divided by  14, 1 .3 , which is 1 child. rounded down

   i.On page 10  line 9 they  use the 6 for the members of the household ,   which is  false and too many  as the  number of persons for  housing .  It should at most be at most 5 for some purposes and 1 for the 3 children  .

   j   On p 11  line 14 of charitable contributions   the claimed   $170/mo to St Stans is likely false where  they  have not  gone to  any  major  events    such as the  festival or  the annual meeting to vote   and their son is  off the  altar  server list as if  they  dropped out and  sons  do not seem to be in the PSR  photo;

   k  On page  10 line  16 they again falsely  use the wrong  amount for personal property  taxes even after a reminder the corect amount is  available on the County website. The  tax is not

$600/annual amount or $50/mo they claimed . It $458, $38.10/mo

.https://revenue.stlouisco.com/collection/ppinfo.

   l. On page 10 line 9b they do not use the actual amount for the mortgage but in what seems to a kind of double dipping use the amount with the arrearage and then in the plan after deducting same, seem to include payment of the arrearage twice.

   m. On page 11line 12 and 13 on the national standards ://www.irs.gov/businesses/small-businesses-self-employed/local-standards-transportation Debtors have the standard for ownership cost for 2 cars as $1034 when the standard for 2 cars is $ 942 an overstatement and on the ownership cost have $424 when it is $382, another overstatement . They also seem to double dip , paying the car loans as secured debtss even where they exceed the $942. and took the Car expenses out in arising at disposable income .

   n. On p 26 line 16 they have $1683/mo as the amount they actually pay in taxes/mo

  That is false just from looking at page 1. He claims $777 and she claims $803 , that is $1573,as if to again try to cheat the creditors.

   Even more so, the form's direction (likely recognizing debtors may try to cheat by beefing up their withholding) make it clear and directly state if receive a refund you have to factor it in , take the annual amount and divide by 12. They had to have directly looked at the form , even after a Motion to dismiss raising this issue , was mailed to the debtors and intentionally chosen to make a known false statements, They had a refund of$7635 / year in effect means they over paid the taxes by $636/mo . That $636/mo was to go into the plan for creditors, not create a slush fund for debtors.

o. Here, too, there is the questionable cost of health insurance . There is extra high insurance for him and there should be no separate insurance . They can do as expected and standard have one family plan, the $197/mo one at Express Scripts.

p. At page 23 is where they show to try to add in $75/mo for optional phone . They already claimed in utilities they had $130 which included a family plan. It cannot be for the children ,as the debtor complained the mother does not let the older ones use it and it was being cancelled . The younger boys are not even of an age to have a phone .

q. Here at page 26 line 21 is where they now list $125 in education expenses where the children attend free public schools, which is inconsistent and seems untrue.

r.They included the above in the false totals on page 13

s At page 15 line 34 they again misstate the ownership of the Undercliff property where it is his only if he pays the second mortgage and is under an order that it is to be sold if not paid by

12/10/16 .  It leaves off it is DSO [7] and seeks to omit the correct name of the creditor  US Bank as Trustee for the CV Trust

23. In the September 2016 plan they show more bad faith, they not only seek to take advantage of their   false statements on the schedules but

---

[7] This is as in  Wallace  v Marble, 426 B.R. 316 (8th Cir.   __) ;Williams v. Williams (In re Williams), 703 F.2d 1055, 1057 (8th Cir. 1983) ("[U]ndertakings by one spouse to pay the other's debts [. . .] can be `support' for bankruptcy purposes."); Burton v. Burton (In re Burton), 242 B.R. 674, 678 (Bankr.W.D.Mo.1999) In re Phegley    BR__, . (09-44269); Adams v. Zentz , 963 F.2d 197, 200 (8th Cir. 1992);Boyle  v. Donovan,  724 F.2d 681, 683 (8th Cir.1984) ; Kruger v. Ellis (In re Ellis), 149 B.R.925, 927 (Bankr. E.D. Mo. 1993 Morgan v. Woods(In re Woods), 309 B.R. 22 (Bankr. W.D. Mo. 2004);In re Tatge, 212 B.R. 604, 608 (B.A.P. 8thCir. 1997); Schurman v. Schurman (In re Schurman), 130 B.R. 538, 539 (Bankr. W.D. Mo.1991) (citing In re Gianakas, 917 F.2d 759 (3d Cir. 1990)).
 The code section is found at .  11 U.S.C. § 523(a)(5)-as in  11 U.S.C. § 101(14A),and notes:
 the term "domestic support obligation" means:
[A] debt that accrues before, on, or after the date of the order for relief in a case
under this title, including interest that accrues on that debt as provided under
applicable nonbankruptcy law notwithstanding any other provision of this title,
that is-
(A) owed to or recoverable by-(I) a spouse, former spouse, or child of the debtor or such child's
parent, legal  guardian, or responsible relative; or
. . .
(B) in the nature of alimony, maintenance, or support (including assistance
provided by a governmental unit) of such spouse, former spouse, or child of the
debtor or such child's parent, without regard to whether such debt is expressly so
designated;
©) established or subject to establishment before, on, or after the date of the
order for relief in a case under this title, by reason of applicable provisions of-
(I) a separation agreement, divorce decree, or property settlement agreement;
. . .
(D) not assigned to a nongovernmental entity, unless that obligation is assigned
voluntarily by the spouse, former spouse, child of the debtor, or such child's
parent, legal guardian, or responsible relative for the purpose of collecting the
debt.
.. This is especially so where the rule is exceptions from discharge for spousal and child support deserve a liberal construction,and the policy underlying § 523 favors the enforcement of familial obligations over a fresh start for the debtor, even if the support obligation is owed directly to a third party.See Holliday vKline (In re Kline), 65 F.3d 749 (8th Cir. 1995);
Williams v. Kemp (In re Kemp), 242 B.R. 178,181 (B.A.P. 8th Cir. 1999), aff'd
232 F.3d 652 (8th Cir. 2000).

   a. Try to add in an unsecured debt also owed to FFCU as a secured  debt where the $4xx  debt is not secured

   b.  They make odd claims about an adversary and again as if intention have the wrong name of the owner of the second mortgage and claim they will file a likely out of time adversary  where they know the  caselaw is clear it would be a DSO under the caselaw the undersigned has to find

   c. They  falsely suggested  they were current on the DSOs where they were not  and know they are not, not just on the mortgages but the payment to Elaine Pudlowski  would be a DSO as the GAL in the case;

   d,They tried to claim parts of the tax refund for themselves ( showing their true purpose in trying to create a debtor slush fund ) when it belongs to the plan as would overtime or bonuses same as any other income.

 Wherefore for these  reasons  Creditor /Claimant  Susan  Mello  and Susan H Mello LLC move the   bankruptcy be dismissed   for cause with prejudice and such other relief as proper .

            Respectfully submitted

          BY   /s/ Susan H Mello
         Susan H Mello 31158 /3841
          Susan H Mello LLC
      7751 Carondelet, Suite 403
      Clayton, MO 63105
      (314) 721-7521
      (314) 863-7779 FAX
       Pro se Creditor  and   Attorney   For
      Creditor  Susan  H  Mello LLC

  Certificate of service
        The undersigned   confirms that   she mailed a copy to Paul and Mary Wojciechowski 636 Undercliff  Hazelwood Mo and eserved as copy of Angela Redden-Jansen and Diana Daughtery to the best of her knowledge on 9/21//16 other thasn debtors  those eserved with this documents via the Court's CM/ECF system on the _21_ day of _September __ 2016   are all necessary parties   /s/ Susan H Mello