UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

| | |
|---|---|
| In Re Paul Wojciechowski | ) |
| | ) 16-42442 |
| and | ) Ch 13 |
| Mary Wojciechowski | ) October 13 2016 |
| | ) |
| Debtors | ) |

_____

**Creditor Susan Mello and Susan H Mello LLC's  Motion  for  clarification on  order  No 87  and for direction  on same  and need to  comply with    LR 1017-D and motion to amend order finding discovery has ended**

 Comes now Creditor and Claimant  Susan Mello and  Susan H Mello  LLC  and on order No 87  and

moves for direction and /or  to amend same  for the    reason

  1 As   Creditor noted  the only items    sent to debtor were the    Motions to dismiss  (which   John

Howley  directed   be sent the undersigned)  LR  L.R, 1017-1 D. directs  copies should be  sent both to

the debtor where the language of the  rule seems to  mandate copies   be sent to the debtor  as  well as

debtor's counsel   listing all three and    referring to the  counsel   as one of three to be served not in lieu

of  serving the debtor   noting " stating

shall be served on  debtor, debtor's counsel (if any) and the Trustee"    with the

 entire rule  being

 Dismissal in Chapter 13 Cases - General Provisions. In

Chapter 13 cases, the debtor's voluntary motion to dismiss shall be served on the Trustee, and the Court will promptly dismiss the case after the motion has been filed. All other motions to dismiss a Chapter 13 case **shall be served on the debtor, the debtor's attorney (if any), and the Trustee.** Motions to dismiss made by parties other than the debtor in Chapter 13 cases shall be heard on Negative Notice.

2  As such Creditor requests if the intention of the order was to make an exception to the local rule, and henceforth designate counsel as the equivalent for agent for service including for a trial subpoena such that in addition to being relieved of the mandate of LR 1017 and service on counsel would be sufficient for a subpoena

3 Creditor and Claimant moves the order be amended finding discovery has ended in the main case where to the knowledge of the undersigned there was no scheduling order in the main case settting any discovery time table ( only in the adversary case) and while the undersigned Creditor and Claimant did duly send a LR 1030 request has to date received nothing on it , and while the undersigned did ask for a deposition as requested in September 2016 debtor counsel has failed to provide deposition dates .

Wherefore Creditor moves for the direction on whether the court's intention was to create an exception to LR 1017 and to designate counsel as designated agent for all process and to permit the deposition as requested to proceed and to require compliance with LR 1030 and such other relief as proper

BY   /s/ Susan H Mello

       Susan H Mello 31158 /3841
       Susan H Mello LLC

7751 Carondelet, Suite 403

Clayton, MO 63105

(314) 721-7521

(314) 863-7779 FAX

Pro se Creditor /Plaintiff and   Attorney   For

Creditor /Plaintiff  Susan  H  Mello LLC

The undersigned  confirms that  she eserved a copy on   D Daugherty and A Redden-Jansen by e service and understands the Notice of Electronic filing and as such  all necessary parties are served with this documents via the Court's CM/ECF system on the 11_ day of     October 2016  /s/ Susan H Mello