UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

| | |
|---|---|
| In Re Paul Wojciechowski | ) |
|  | ) 16-42442 |
| and | ) Ch 13 |
| Mary Wojciechowski | ) October 13 2016 |
|  | ) |
| Debtors | ) |

___

Creditor Susan H Mello and Susan H Mello LLC's  Supplement on the  Motion  to strike and request for  entry of judgment on  the   Motion to Dismiss

Comes now   Creditor and for  the supplement adds

1 It  is LR  1031  that  mandates  there should be no   general  denials and each   Response should  specifically address each of the allegations and when no response is  filed , that the  matter should be  found against the non movant or  continued to permit a filed  Response .. Here there was no effortto do that and not even a firm denial.

2   The claimed expenses that  are   falsely overstated   and not reasonable   are not inconsequential.

They include

$370/mo  excess  payroll  deductions at Express Scripts

$480/mo  excess  health insurance ( where $670/mo is claimed when can have the same family

plan as in 2014-2014 for $191/mo )[1] where c $191 for mary es $480/mo

$231/mo the difference in the housing standard from 5 or more personsv three in household

$250/mo claimed Education expenses

$12/mo difference between what County website has v their clasim on personal property tax

$180/mo Difference between standard and what they claim for cars

$233/mo actual payroll tax when factor in refund ( this is after account for the excessive

Payroll deductions at Express Scripts

$180/mo difference on their excessive car costs v standard

$233/mo tax refund factored in as in form directions ( in addition to Marys excessive

deduction)

$75/mo optional phone added September 2016

$20/mo Added streaming Plus Cable

$170/mo

Total $1678/mo

$20, 136 /year

$120,816 over the life of the plan

3 The admissions from the failure to respond to the Motion to Dismiss filed 9/7/16 doc no 58 to

---

[1] It covers him even where he testified in 2015 he gets his medical are at the VA and where under the Affordable Care act there now are no policy lifetime or coverage limits.

which no response at all was filed include :

1. Pursuant to S 1307 this court upon denial of confirmation of the plan had the authority to dismiss the petition for cause .

2. As confirmed in In re Luedtke, _ BR __ ( Bankr ND IN 2011),08-21611 , under Ch 13, in order to confirm a plan the court must find that the action of the debtors in filing the petition was in good faith applying the same factors as in Ch 7.

3. As in In ReLove, 957 F2d 1350 (7th Cir 1992) the focus is to be on whether the filing is fundamentally fair to creditors and more generally is the filing fundamentally fair in a manner that complies with the spirit of the Bankruptcy Code.

4. As further stated in In Re Love, supra as quoted in Luedtke, supra .

if the debtor lies in his statement of assets and debts and if as a result of these mistatements one creditor will be dispproportionate;y disadvantaged this indicated objective unfairness ,

5 As confirmed in Luedtke, citing In re Costello. 299 BR 882, 899-890 ( Bankr ND Ill 2003) the need for accurate disclosure of information is equally necessary in a Ch 13 case .

6. As in Luedtke, while the applicable elements are (a) debtor made a statement under oath, (b) the statement was false (c) debtor knew the statement was false , debtor made the statement with the intent to defraud amd the statement related to the bankruptcy in a materail way.

as confirmed in Bank of India v Sapru, ,127 BR 306, 314 ( Bankr ED NY 1991) once the movant has established a prima facie case the debtor cannot prevail if he is unable to offer crediable evidence refuting the showing of bad faith, and

as in In re Cecil, , _ BR __ 15-6026 (8th Cir BAP 2015) the standard can be met by circumstantial evidence and showing reckless indifference to the truth wherein it was stated:

. .. Statements made with reckless indifference to the truth are regarded as intentionally false, and fraudulent intent may be established by circumstantial evidence..Determining whether disclosure is material is not for the debtor to decide. ...Successful administration of the bankruptcy laws depends on the debtor's full disclosure... the [Bankruptcy] Code requires nothing less than a full and complete disclosure of any and all apparent interests of any kind. The debtor's petition, including schedules and statements,

must be accurate and reliable, without the necessity of digging out and

conducting independent examinations to get the facts...

Full disclosure is required, not only to ensure that creditors receive everything they are entitled to receive under the Bankruptcy Code, but also to give the bankruptcy system credibility and make it function properly and smoothly..Bankruptcy provides debtors with a great benefit: the discharge of debts. The price a debtor must pay for that benefit is honesty and candor.

end of quote citing in InRe Korte , 262 B.R. 464, 469 (B.A.P. 8th Cir 2001) ..

  7.  As confirmed in  In Re Luedtke   supra  citing In re Bailey , 53 BR 732 , 731 (  Bankr  WD KY 1985) a false  oath may consist of  a false statement or  ommission in the schedules , as well as false statements  at the creditors meeting  under  oath .

   8 As   further stated in  In re Luedtke, supra  citing In re  Bostrom, 286 BR  352 , 360-361( Bankr  N D Ill  2002)a  court is to consider the cumulative effect and there   comes a point where "the  aggregate  errors and omission" will "cross the  line  past " which  there can   be approval for a plan or  discharge .

   9   Under the code, as in In  re Luedtke , supra  the rule is also  that a  debtor    cannot  excise a false oath by making subsequent correction to his bankrptuct petition   citing    In re Bailey,   147  BR   157, 165  ( Bankr, N D Ill  1992) , and instead the  view is  that to allow the debtor  to  omit assets at will with the   only penalty   that they had to file an amendment  once caught,, cheating would be althoghther too attractive   citing in re Boba,  280 BR  430 ( Bankr  ND Ill 2002) and Payne  v Wood,  775 F2d 202 ( 7th Cir   1985) and Mazer v US,   298 F2d 579 ( 7th Cir  1962).

   10 . As in In Re Leudtke, supra citing  In re   Bailey,supra   the  cumulative effect of a numkber of false oaths by the  debtor with respect to a vareity of matters  establishes a  pattern of  reckless and cavalier disregard of the  truth .

   11 As in In re Luedtke, supra  citing In re Chalks , 748 F2d  616(11th  1984) , a statement is material  for purposes of  such sections  if it relates to the debtor's estate.involves the discovery of assets .or concerns the dispostion of the debtor's property or his entitled to discharge .

   12.  Here the  debtors engaged in  a series of false statements under oath , on a  variety of matters , in the initial April  11 2016  filings (both as  left uncorrected   where  as corrected where  caught falsely leaving  out the VA income and  double  deducted the $1933/mo child  support showing it as a  net payroll  deduction  and then  again as a child care  expenses as  a monthly  expense ) ; at the creditors  meeting  in May 2016; then  after the initial  early July  2016   objections  and  adversary  of the undersigned raising    concerns on the false  statements of the debor,  on  August  17 , 2016 filed new  false  schedules and   on August  19  a new false  plan and then  even  after further detailed   reminders  in the form of   detailed  Objections by the undersigned , debtors persisted in the  known false statements  .

13.  As in the filed Objection:

  I.The April 2016 schedules as unamended by the August 2016 amended are false

    A.At Page 8 in the summary  the   income is still shown as not including the VA income and the expenses are false

  B. At  Page 9 where as in the Circuit court case, the student loans   Debtor had total $50,000 not $26. 105 as listed EX 1 and 3 (the exhibits referring to those attached to the filed Objection)

D. At Page 25 it lists both debtors on a Aly Financial item from   2005-2009. when they did not even know each other and he was married to his first wife through 2012.

E.At Page 26 it lists both debtors on a GM Financial  item from   2010. when they did not even know each other and he was married to his first wife through Decenber 2012.

F.At Page 32 they list Erin Zielinski , She  is the lawyer for the first Mrs. Wojiechowski .  There is no debt to her .  The judge ruled against a claim by   Hais and Hais, where Ms. Zielinski is

employed and they had a Motion to set aside or amend the judgment that was to be heard on April 11, 2016 . It becomes a claim only once there is a judgment, if the judgment is amended and thus would arise only once the stay is lifted and motion can go ahead .

G.At Page 32-35 and p49-50there are pages of student loan items listed as unknowns. That is false; Paul Wojciechowski obtained a detailed listing in November 2015 listing each of the loans that total $50,000, Ex 1 and 3.

H.At Page 39 Paul lists a credit card MABT and a balance of $598. It has a date of 2014 such that if it existed should have  been on the Nov 2015 Circuit court financial statements he prepared ; instead in November 2015 he lists only  one credit card for him: Capital One . EX 3

I.At Page 43 its lists them again as having joint debts in 2005-6 and 2010 when they were not together .

JAt Page 45-46 there are numerous unknown Personal Finance Co items although else where it is referred to as the  July  judgment $3300 which was to be paid at $125/mo and was available from a quick casenet search   EX 8

K. At Page 47 the loan fromPeter Wochiehowski is shown as $1500 from 2015   when in November 2015 it was $500   . EX 3.

L.At Page 51 where it has the Scott Credit Union there is a    $12, 503 balance from the surrendered 2011Jayco camper , it shows last active 2015 and yet no camper was listed as surrendered within 2 years.

M.At Page 52 it has only Susan H Mello and fails to have the current   amount, no  LLC or show the lien

N.At Page 58 it lists his mother as a co debtor on the Jayco RV but in the Plan does not mention her and lists the Citimortageon the second mortgage , with it falsely claimed on  page 58 claiming it was not reaffirmed in the ch 7 (when it did not need to be and was a DSO as in the 2012 divorce judgment and 2015 modification  ) and fails to list  those to whom the  debt was assigned ,(eg Shellpoint, Resurgent  )and ignores that   there are 2 consent judgments creating the DSO and a hold harmless agreement where Paul Wojciechowski agreed to pay it (EX 5 and 6).

II  The August 17 2016 amended schedules are  false and  misleading. This includes:

A. False claims on the   real property ownership including;at  page 1-2 where the Debtors sought to mislead the court as to the ownership of theHazelwood residence in referring to it only as awarded to  Paul Wojciechowski . Instead  as in the consent judgments, (EX 5 and 6) he is under a judgment to pay the second mortgage and will  will receive a deed only if  he takes his former wife off of same . There is even an  order in place  that automatically provides   that if same is not done by  December 10,l 2016  the property is ordered sold, and a hold harmless agreement from 2012 making it a DSO.   And

i.   On page 2, they further sought to mislead the court on the Charlack Ave property. Theyhave it marked as  owned by debtor one ( Paul) only ; it is actually in the name of Mary Aubertin, the female debtor's maiden name .It is shown as   bought in November 2012 for

$83,000 on the St Louis County revenue website

B False claims at page   5 line 28 where it falsely  says  there is no  2015  tax refund. This was filed

after they were notified there has to be a refund and have yet to account for it ; as in the copies provided on 8/23 it showed a 2015 refund of $7635. EX 7

C. False claim at p 10 that four children live with them and are dependents . The oldest child does not even visit and has not visited since September 2014 . The other three are not even with the debtors half the time  They live with their mother .

D. False and inconsistent claims at p 11 line they spend $858/mo for utilities. This is a small under 1100 square foot house. and when the undersigned asked for the receipts and even when ordered to produce them , debtor refused and complained they were called on to be records of what they listed .

   As in the November 2015 sworn Statement of income and expenses prepared by Paul Wojciechowski it showed about half that for utilities. The 11/15 statement has a monthly amount for gas $31 . $22 water, $73 electric, $220 for combined cable and phones.

There would be a likely MSD bill ( likely equal to the water bill of $22) and trash service of $22 ( where as on http://www.hazelwoodmo.org/services/allied-trash the trash service is est $16.mo and can get optional yard service in three month increments at $8.50.mo ) but no $800 plus for a small house in Hazelwood.

     Yet here they oddly claim for such a small house that it takes $438/mo in electricity. and have the same combined cable and phone bill all over the form withcable and phone services $179.mo and then on later on page under "other" has internet as $59.99 and then another line for cable of $97.84. Creditor understands the Trustee has seen the utility bills and such claims do not match the bill.

E   False claims at p 11 line 8 of educational expenses for the children; they go to public schooland even if for some outside expenses they are split with the former wife. As in the ll/15 filing,the combined medical and extra curricular was $220/mo . EX 3, and as such educational expenses would not be as claimed.

F   Likely False claims at p 11 line 14 of charitable contributions which they identified as StStans. It was $40/week  $120/ mo in 11/.15 . EX 3.  This is even more so where they have not attended any major events such as the July festival or the August annual meeting to vote and their son is off the altar server list as if they dropped out

G   False claims at p 11 line 16 where they claim to have $50/mo or $600/year in personal property taxes. It is a readily available public record where the County DOR website shows it is$458, $38.10/mo not $50/mo.https://revenue.stlouisco.com/collection/ppinfo/

H   Likely false claims at page 11 line 21 odd unspecified $300 misc, where it says to specify and they do not

I   False claims at pg 14 where Debtors falsely listed at p 14 payments to the undersigned as preferences where they were for new value in that the undersigned continued to work on an open pending County Circuit court case providing new value yet do not show the same for the payments to Peter Wojciechowski as shown made monthly where that would be a preference since not for new value and listed him as such in the April schedules. The debtors also show the bill to the undersigned in the unamended creditors schedule as undisputed.

As in 11USC 547 :

**(2) "new value" means money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law, including proceeds of such property, but does not include an obligation substituted for an existing obligation,  and**

**Section    c provides**

**(c) The trustee may not avoid under this section a transfer—**

**(1) to the extent that such transfer was—**

**(A)    intended by the debtor and the creditor to or for whose benefit such transfer was made to be acontemporaneous exchange for new value given to the debtor; and**

**(B)    in fact a substantially contemporaneous exchange.**

   Here , there were new services with new value,, including   new work sought by Debtors   and

**J Likely False claims at page  23 where what they claimed as  current national standards, on food et al for four appears wrong. When Creditor looked it up , it was   $1509 not the   $1513 listed https://www.irs.gov/businesses/small-businesses-self-employed/national-standards-food-clothing-and-other-items;**

**K.. Likely false statements at   page  24 line 9 where they have $ 2083 for the monthly mortgage yet in November   2015 it was   $1090  plus   $200 for the second mortgage .  which they have claimed did not reaffirm, EX 2 and 3.  Anything over that would be likely the arrearage where it appears they missed two months of paying the first mortgage as prepared for bankruptcy filing .**

**L   More false   statements on  page  25   on the national standards where what the Creditor foundas  ://www.irs.gov/businesses/small-businesses-self-employed/local-standards-transportation had the operation costs for 2 cars as $942. not the   $1034 the Debtors claimed and had the ownership costs for 2 cars as $382 not the $424 Debtors show.**

**M    False statements at p   26 line 16   where they have  $1733/mo  as the amount they actuallypay in taxes,  The form directions even say if  receive  a  refund   divide by 12 and  deduct it .   They received a  refund of   $7635 / year   in effect means they over paid the taxes by $636/mo .**

  In fact this  figure is not even consisent with their   payroll  deductions ($1683)    at   p 9 where they show the payroll deductions as   $880 and $803 which is $1683, not $1733.

**N.    False statement at  page  26 line  21  they again list  education  expenses   of $250/mo where the children go to free public schools and as in 11./15   $220 includes extra curricular and medical. EX 3**

**O.    False totals on page 24 based on the above**

 **III.   The  August 2016 Plan as   based on false claims and not feasible   and should not be allowed  where**

    A. Under S 1325 where in order for there to be confirmation they have to be current on   the  DSOs and they are not. They did not pay Elaine Pudlowski, the GAL that they admit is a DSO; it is a payment ordered by the court; they did not pay the first mortgage   and have not paidand have no plans to pay the second,mortgage .

B. On page 1 they leave out the need to pay the second mortgage as a DSO, EX 5 and 6;

C. On page 2 show the only unsecured debt being paid are the student loans at $444/mo.

The undersigned understands as in Jordahl v. Burrell, 539 B.R. 567 (B.A.P. 8th Cir. 2015) that is a form of unfair discrimination. It also wrong where it would advance payment of the loans, which are on a 10 year or more repayment plan from the deferments

D   On the claimed secured payment on the car loans they add in $447 unsecured amount for FCCU as well as the secured amount

E. There is no allowed payment for unsecured claim or for the treatment of the claim of the undersigned who has a lawyers lien and a common lien on having created a pool of funds equal to the $11,000 in what was saved on the compromise on the arrearage, the value of the 2 tax exemptions ( which for 2015 had a value of $3000) and the savings since December 10, 2015 of the reduction of child support and maintenance from $22xx/ mo to $19xx/mo ($2700)

F   The Plan has the wrong amounts as above and does not have the correct amounts for disposable income .

C   The Plan mishandles the refund that is to be part of the estate ( as even in the calculation). It seeks to give an added $1500 to debtor and the treatment of EIC is contrary to Dittamier v Sosne.

IV The debtor further made false statements under oath at the May 2016 creditors meeting

where in addition to affirming and not correcting the statements above, they falsely affirmatively stated to the effect the house was deeded to Paul Wojciehowski ( as if to mislead the trustee about the DSO in the Circuit court family court judgments ) and they they had four children, as if the four children resided with them, half time as if had such expenses for them where the oldest has refused to visit him since 9/14 and the boys spend less than half the time with him .

14 There are more than 25 separate kinds of errors, material ones on a $7xxx plus tax refund; on property ownership; on expenses, even when caught by the Trustee, on a DSO they seek to conceal , where especially in consideration of the cumulative and aggregate effect the standard has been met.   This is especially so where Debtor has had most if not all of this list for over a week and instead of corrections sought to try to proceed to a confirmation hearing based on the known false claims .

15 This is even more so where this is the second filing for debtor Paul Wojciehowski where he should have known better.

.Respectfully submitted

BY   /s/ Susan H Mello

Susan H Mello 31158 /3841

Susan H Mello LLC

7751 Carondelet, Suite 403

Clayton, MO 63105

(314) 721-7521

(314) 863-7779 FAX

   Pro se Creditor /Plaintiff and   Attorney   For

   Creditor /Plaintiff  Susan  H  Mello LLC

  The undersigned  confirms that  she eserved a copy on   D Daugherty and A Redden-Jansen by e service and understands the Notice of Electronic filing and as such other than what was mailed all necessary parties are served with this documents via the Court's CM/ECF system on the _11_ day of    October    2016  /s/ Susan H Mello