UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

| | |
|---|---|
| In Re Paul Wojciechowski | ) |
| | ) 16-42442 |
| and | ) Ch 13 |
| Mary Wojciechowski | ) October 13, 2016 |
| Debtors | ) |

Creditor Susan Mello and Susan H Mello LLC's Supplemental Objection to Plan

Supplemental Objection

Comes now Creditor and for the Supplemental Objection adds that the undersigned learned only since the filing of the most recent Objection that in addition to the other issues

1. As the filed claim for the GAL shows Elaine Pudlowski received the following payments from Debtors in 2016: 2/2/16 $100; 3/3/16 $100; 4/4/16 $100; and 5/2/16 $100.

This is further confirmed the September 15 2016 schedules prepared by Angela Redden-Jansen were further false where they show $1500 as due Elaine Pudlowski and show that amount being paid out of the Plan where all that is currently due is $912.

It is either a preference or a DSO that as to the $100/mo payments needs to be paid before any confirmation

2/ As the 2012 consent divorce shows, it was not just the GAL and second and first mortgage that are a DSO but the student loans and Capital One account in his name where also under a hold harmless agreement such they too might be a DSO where the payments as coming due would be post petition payments that would have to be paid before there can be confirmation.

3/   As in the filed  copy  of the  document  from the  creditors meeting, not only did  the debtors falsely claim  there were  4 children  who reside  with him but  admitted  a  tax refund was  $72xx was received  in 2.16  that they  allegedly  spent it  on bills and household goods .

It is  submitted this further confirms  a lack of  good faith where  if it was for old bills the payments should have been listed as  a preference and if for  $7xxx in  new household goods would seem to be  an improper  pre filing  spending spree .on new  household  goods  then the goods should have been listed .

This is especially so where:

A  There   do not seem to be any $7000 in new goods   shown on any schedule;

B He had just   received the benefit   of the $12,000 plus   settlement in December  2015   the undersigned   obtained and as such   had   funds for   bills,

C  In  January  -February  2016,,  when the claimed  health  insurance was  $400/mo   would not have   had any   out of pocket   medical expenses for the children where under the decree   would owe   his one half only after the   former wife paid $250/ per child/ year .

D Their   regular income was sufficient to pay their   reasonable regular bills and   the   payments plans    they had entered into

GAL   $100/mo

PFC $125/mo

The undersigned   $300/mo

4/   The debtors   filings   are   further contrary to his   May    2015   deposition    where in the   sworn information he provided to third parties    he    testified :

A  The Matrix   credit card bill   he   still lists,  he testified  in May   2015 was $300 and   being paid at $60/mo where   by November    2015 it would have   been    paid

B.   He had   rental income  from    2013   to   May   2015 of $850/mo   and   the payment of utilities .   This should have   been included on the tax return and on   the schedules .

Even if he has some deductions . it was a false statement of his 2015   income   and   meant

the returns he provided were themselves in bad faith and not accurate and not reliable . At a minimum, it is part of the totality of false information and claims by debtors.

.

5/The undersigned further submits the claim of Ms Redden-Jansen to seek to be paid fees for the adversary out of the plan is improper.and should not be allowed . The undersigned understand the Trustee objected to same as well.

It is the understanding of the undersigned that such fees can be paid out of the plan only if not objected to and if they are reasonable and benefit the entire estate.

Here there is substantial basis to object to same and find they were not and are not reasonable ( counsel having failed to provide any fee agreement, and fee bills and instead in August when same was sought in a then prepared subpoena represented as if it was a fixed fee )and would not benefit the entire estate .

The undersigned understands as in <u>In re Boddy</u> , 950 F.2d 334 (6th Cir. Ky. 1991), the approach as in <u>Pennsylvania v. Delaware Valley Citizens Council for Clean Air</u>,483 U.S. 711, 97 L. Ed. 2d 585, 107 S. Ct. 3078 (1987) is to be used .<u>In re Moore</u> , 2012 Bankr. LEXIS 4581 (Bankr. N.D. Ohio Sept. 27, 2012) .

The undersigned understands the rule is also fees are not to be paid out of the estate if benefit only insiders instead of the estate . <u>In Re Sullivan's Estate</u> 226 BR 624( BAP 8th cir 1998) . There has to be a reasonable likelihood of benefiting the estate at the time undertaken. <u>In Re Miller Group Inc</u> 521 BR 323 , 327 ( Bankr WD Mo) aff'd 536 BR 829 ( BAP 8th Cir 2015) . This is in addition to disgorging any fee as in In re Pigg , __ BR __ )Bankr WD MO 2015

This is especially so where debtor counsel sought to fight against discovery and had to be ordered more than twice to respond to discovery, she made known false claims in the Answer ( as

detailed in the Motion for summary   judgment and the    exhibits) ;   she   sought in   the pre trial submission   to demand   known false   claims   ( contrary to court   judgments, her own exhibits and    even his own May   2015   testimony and repeatedly wasted   time in her own self interest, none of which was reasonable,   or had any reasonable likelihood to benefit   the estate..

   Instead   what will help the entire estate is to have   Mr. Wojciechowski on the stand, impeach  his credibility,    obtain a    finding of   his   bad faith   and intentional   false statements to the undersigned and   then   use   same to have the main   case   dismissed so all of the   Wojciechowski creditors   can   sue them and   be   paid

  Wherefore for these   reasons as well   the Plan should not be approved .

   Respectfully submitted

            BY     /s/ Susan H Mello

                Susan H Mello 31158 /3841

               Susan H Mello LLC

           7751 Carondelet, Suite 403

           Clayton, MO 63105

           (314) 721-7521

           (314) 863-7779 FAX

              Pro se Creditor   and     Attorney     For

            Creditor   Susan   H   Mello LLC

    Certificate of service

             The undersigned     confirms to the best of her knowledge on 9/16//16   those eserved with this documents via the Court's CM/ECF system on the _11_ day of _October r __ 2016    are all necessary parties   /s/ Susan H Mello