UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

| | |
|---|---|
| In Re Paul Wojciechowski | ) |
|  | ) 16-42442 |
| and | ) Ch 13 |
| Mary Wojciechowski | ) October 13 2016 |
|  | ) |
| Debtors | ) |

___

   Creditor  Susan Mello's  Supplemental Objection Verification and  Exhibit   and  Request  for  judicial notice[1]

  Comes  now   Creditor  Susan H Mello and Susan H Mello LLC and  as  supplemental exhibit  and  requests  judicial notice  as follows :

   1    Submits a  copy of  pages of his May  2015 deposition   where he testified   from April 2013  to May 2015   had  rental  income  of $850/mo  as well as  full contribution for all  utilities , which  was   not shown on   the  2013, 2014  and 2015  tax  returns and asks the court to take judicial notice under the IRC all income included rental income is to be reported and would be done on a Sch E and was not done by    Debtors.

   2 Submits a second copy from  page of his deposition where he stated his clothes were $50/mo ( when the   household income was the $19xx/Mo VA income and   Mary's $39,000/year) ; that

___

   [1] This is especially so where yesterday began losing her voice

his food was $50/mo and there were no school and books for the children, the figure there was the added cost to have the children on Mary's insurance since he gets his medical care at the VA.( Which was corrected to note had had counselling expenses that has ended as of the May 2015 deposition) and which shows the Matrix debt still listed was $300 and would have been paid at $60/mo , and the Form 14 from 2012 as well as the page from 2012 judgment on whether the credit cards should have been listed as a possible DSO . The undersigned also included a copy of his sworn 2007 statements where on the same house 2or more full time children (Including with laundry for them) the claimed utilities were about half of what claimed now , even where the utility rates have gone up only about 10-15%.

   3  Verifies the above copies  and statements in  the   Objection to the  September schedules and the 2 Motions to Dismiss as true and correct .

   4. Requests the court take judicial notice the Missouri Dept of Economic Development has found the cost of living is 89.9% of the averages
https://www.missourieconomy.org/indicators/cost_of_living/

and of US ADA food cost budget figures at
https://www.cnpp.usda.gov/sites/default/files/CostofFoodAug2016.pdf

and submits the claim of $1000/mo for food is unreasonable and likely again falsely included the daughter who does not visit and the  so s at full time even where  show child support which already includes payment for their food.

Under the Robinson formula where as in the 2015 decree of the 42 meals in a week , the 2 younger boys are generally the first week , for dinner Thursday and breakfast on Friday and

then the next week are with debtor   Thursday for dinner, 3 meals each  on Friday, Saturday and Sunday and  Monday am ,(11 meals ) a total of  12  of  42  meals .( Less   than y 1/3)    and where the older boy  has  one more  meal  a total of 13 of 42  meals ,  the  reasonable  food  costs  for them would be

    USDA  1/3 of the  $205  USDA  rate            $68

         1/3 of the  $191   USDA rate         $63

         14/42ths of  $ 237   USDA  rate    est  $80    Subtotal   $211

    The actual reasonable  totals  are then

male debtor   $ 238

female       $206

 Boys       $211

         Subtotal   $ 655

which  for Missouri  should  be    at  89%  of  est $590,

This is another   $410/mo overstatement    over the claimed $1000/mo in the schedules  which  would  be  $4920 a year and over  6 years of the plan would be  close to $30,000

This  is even more so  where they  included   other  excessive amounts of household goods.

This all , for a  man who when  the income was the VA income and  Mary's Express  Scripts income of  est $6000/mo   listed  his  November  2014   own food expenses as  $ 50/mo .

5 Requests to the extent   Counsel seeks to be again be disruptive and make the odd claims she did about   privilege to incorporates the reply from the adversary case on attorney client privilege and submits :

It is noted

RULE 4-1.6: CONFIDENTIALITY OF INFORMATION

(b) A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:

(3) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or

As Judge Flessig held in  Kohn v Komen,  _ Fed Supp_  ( ED Mo  2016)

July 5, 2016. Federal courts have recognized a self-defense exception to the attorney-client privilege in cases involving federal claims and pendent state law claims. Although the exception usually arises in the context of disputes between the attorney and the client, it has also been applied in suits by third parties alleging that an attorney engaged in misconduct in representing a client. See First Fed. Sav. & Loan Ass'n of Pittsburgh v. Oppenheim, Appel, Dixon & Co., 110 F.R.D. 557, 565-66 (S.D.N.Y. 1986). Additionally, Missouri Rule of Professional Conduct 4-1.6(b) provides that "[a] lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary . . . to establish a defense to a . . . civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client." Mo. Rules of Prof'l Conduct r. 4-1.6(b); see also id. cmt. 8 ("Where a legal claim . . . alleges complicity of the lawyer in a client's conduct or other misconduct of the lawyer involving representation of the client, the lawyer may respond to the extent the lawyer reasonably believes necessary to establish a defense. The same is true with respect to a claim involving the conduct or representation of a former client.").

See also WAITE, SCHNEIDER, BAYLESS & CHESLEY CO. L.P.A.,   vDavis  _- Fed Supp_ ( DC SD OH 2012) - Case No. 1:11-cv-0851:

   At common-law, "[a]n exception to the attorney-client privilege permits an attorney to reveal otherwise protected confidences when necessary to protect his own interest." Levine, Self-Interest or Self-Defense: Lawyer Disregard of the Attorney-Client Privilege for Profit and Protection (1977), 5 Hofstra L. Rev. 783. This exception provides that "when an attorney becomes involved in a legal controversy with a client or former client, the attorney may reveal any confidences necessary to defend himself or herself or to vindicate his or her rights with regard to the disputed issues." 1 Stone & Taylor, Testimonial Privileges (2d Ed. 1995) 1-177, Section 1.66. See also Mitchell v. Bromberger (1866), 2 Nev. 345; 1 McCormick on Evidence (6th Ed.2006) 414, Section 91.1.

   . . .

..r, "the attorney-client privilege exists to aid in the administration of justice and must yield in circumstances where justice so requires," Moskovitz v. Mt. Sinai Med. Ctr., 69 Ohio St.3d [638], at 661, 635 N.E.2d 331 [(1994)]. The same considerations of justice and fairness that undergird the attorney client privilege prevent a client from employing it in litigation against a lawyer to the lawyer's disadvantage. Wolfram, Modern Legal Ethics (1986) 308, Section 6.7.8; Wright & Miller, Federal Practice & Procedure (1997, Supp.2010), Section 5503; Restatement (Third) of the * *543 Law Governing Lawyers, Section 83, Comment b.


   Thus, courts apply the exception because "[i]t would be a manifest injustice to allow the client to take advantage of [the attorney-client privilege] to the prejudice of his attorney * * * [or] to the extent of depriving the attorney of the means of obtaining or defending his own rights." Mitchell v. Bromberger, 2 Nev. 345; see also Doe v. A Corp. (C.A.5, 1983), 709 F.2d 1043, 1048-1049; Daughtry v. Cobb (1939), 189 Ga. 113, 118, 5 S.E.2d 352; Stern v. Daniel (1907), 47 Wash. 96, 98, 91 P. 552; Koeber v. Somers, 84 N.W. at 995.

   end of  quote [2]

   Verification

   Susan Mello   states the attachments are true copies , the statements above are true and the statements in the pending filed Objection and the 2 Motions to Dismiss are true and correct to the best of my knowledge, information and belief.

Under penalties of perjury

 /s/ Susan H Mello    10/12/2016

---

   [2] The undersigned also notes as well to the extent   counsel would make a claim of Mo statute that is limited on who can testify in Missouri courts, and Sappington v Miller case  as cited by  counsel held the opposite for which she cited it . There a former client tried to stop his former counsel   testifying and the court found the self- defense privilege applied even when the controversy ( unlike here) ws directed against the lawyer; there is was just whether the client had given the lawyer authority to settle.

Respectfully submitted
BY   /s/ Susan H Mello

Susan H Mello 31158 /3841
Susan H Mello LLC
7751 Carondelet, Suite 403
Clayton, MO 63105
(314) 721-7521
(314) 863-7779 FAX
Pro se Creditor /Plaintiff and   Attorney   For
Creditor /Plaintiff  Susan  H  Mello LLC

The undersigned  confirms that  she eserved a copy on   D Daugherty and A Redden-Jansen by e service and understands the Notice of Electronic filing and as such other than what was mailed all necessary parties are served with this documents via the Court's CM/ECF system on the _12_ day of   October   2016  /s/ Susan H Mello