UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION


| | |
|---|---|
| In Re Paul Wojciechowski | ) |
| | ) 16-42442 |
| and | ) Ch 13 |
| Mary Wojciechowski | ) October 13 2016 |
| | ) |
| Debtors | ) |

_____

   Creditor Susan Mello and Susan H Mello LLC's Renewed Request and Motion to set aside verbal denial of request for evidentiary hearing

   Comes now   Creditor and for  her renewed Request and Motion to set aside or amended     submits as follows

   1   This is a chapter 13 proceeding where there have been  filed Objections and a Motion to Dismiss   that raises factual issues about the good faith of the debtor.

   2 The undersigned duly submitted factually based motions and   sought an evidentiary hearing .

   3 The motions were directed to false statements of the debtor in the schedules, at the creditors meeting such that the standard for good cause cannot be met

   4 As in the caselaw, under the 2005 act as in Luedtke, a court has to have a factual   basis for findings there is good cause, and upon being presented with an Objection or Motion to dismiss a court   shold  decide the matter on evidence .

   5 Here , it was   A prejudical error of law and a irregular   denying the undersigned the   right of due process under the 5th and 14th amendment   in failing to set an evidentiary hearing and instead  taking the position the court need only consider whether the trustee felt the schedules met the standard.

   6.  Under Rule 60b,and other rules, it is proper   orders be set aside where they are the result of

error,  and irregularity and are contrary to the rules .

7 Here is it is submitted the failure or refusal to allow an evidentiary hearing is an abuse of discretion and an error of law.

8 This is especially so while it may be more expedient to have 50 pages on a docket call, a court still have to have time for hearings   and decide cases on evidence . The rule in federal court is that factual disputes  are to be decided on evidence where witnesses can be heard. and decisions  on facts  are be  made on evidence. by a judicial officer and cannot be delegated to Trustee

.9 This is confirmed where  Rule 9017. makes it clear

The Federal Rules of Evidence and Rules 43, 44 and 44.1 F.R.Civ.P. apply in cases under the Code.

10  Rule 43   further  states


(c) Evidence on a Motion. When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions.

11. The facts were facts outside the record and while there was a verfication , which ws also ignored, the court either needed to find the facts as true in the Objection and Motion to dismiss to set a hearing as  requested/.  The undersigned had even filed an exhibit list .

12. The fact there is be evidence is also confirmed in

Rule 9014 that  makes it clear when items are contested the rules of an adversary apply to all    Factaul issues   in bankruptcy code

Testimony of Witnesses. Testimony of witnesses with respect to disputed material factual issues shall be taken in the same manner as testimony in an adversary proceeding.

13   This is also confirmed in where on an objection, the   rules   set out the burden of proof, whcih confirms there is to be ana evidentiary hearing

Rule 4005. Burden of Proof in Objecting to Discharge


At the trial on a complaint objecting to a discharge, the plaintiff has the burden of proving the objection.

confirming there should be a trial on an objection   to find the facts.

14. This is also confirmed in the fact there is a right in LR 1030 and 1040 to obtain documents and records ,   underscoring as in the caselaw that a creditor as well as a Trustee may   be heard on an

Objection and a Motion to Dismiss. In fact the cases confirm   it is the often the creditor and not the trustee who brings the Motion  .

   15.   Even under   the cited caselaw as included in the Motions to dismiss both Sapru [1]and

---

   [1]In In re Bank  of India  v Sapru,127 B.R. 306 (ED NY 1991)   There on evidence  per rule 56 , it was confirmed a motion to dismiss in effect presents a cause of  action with  factual elements, a burden of proof that shifts and evidence and credibility issues   all signally an evidentiary hearing   if not decided on summary judgment .

   As  stated there

the Bank has several grounds to support its contention that the Debtor should be denied a discharge due to violations of § 727(a)(4) of the Bankruptcy Code which states in pertinent part:

   (a) The court shall grant the debtor a discharge, unless ? . . .

   (4) the debtor knowingly and fraudulently, in or in connection with the case ?

   (A) made a false oath or account

The burden of proof rests with the creditor objecting to the discharge to establish the following elements in order to deny a debtor its discharge pursuant to § 727(a)(4)(A): (1) the debtor made a statement under oath, (2) such statement was false, (3) the debtor knew the statement was false, (4) the debtor made the statement with fraudulent intent, and (5) the statement related materially to the bankruptcy case. See In re Arcuri, 116 B.R. 873, 880 (Bankr.S.D.N.Y.1990); Matter of Brooks, 58 B.R. 462, 465 (Bankr.W.D.Pa. 1986); In re Shebel, 54 B.R. 199, 202 (Bankr.D.Vt.1985). "A false oath must relate to a matter and may consist of (1) a false statement or omission in the debtor's schedules or (2) a false statement by the debtor at an examination during the course of the proceedings." In re Bailey, 53 B.R. 732, 735 (Bankr.W.D.Ky.1985).

...., the policy in favor of providing the honest debtor with a fresh start must be weighed against the countervailing policy of ensuring that dependable information is available to those interested in the administration of the bankruptcy estate. See In re Diodati, 9 B.R. 804, 807-08 (Bankr.D.Mass. 1981); In re Shapiro, 59 B.R. at 849. "In order to obtain a discharge, a debtor must reveal and not conceal his or her financial condition because complete disclosure is the touchstone in a bankruptcy case." In re Bernard, 99 B.R. 563, 570 (Bankr.S.D.N. Y.1989).

a. The Debtor Made False Statements Under Oath

_____

After examining the pleadings, affidavits and supporting papers this court finds that the Debtor made several false oaths, in the form of false statements and omissions in his Schedules and Statement of Affairs, in connection with this bankruptcy case.

The Debtor swore that the information contained in his Schedules and Statement of Affairs was true to the best of his knowledge and belief. The Debtor admits that statements made in the Schedules regarding the ownership of his car, stock in Indian Fantasy, and the value of his insurance policies are false. Moreover the Debtor's Schedules state that at the time the involuntary petition for relief was filed, he had no cash on hand, yet at the § 341 meeting, he acknowledged that he had maybe a few hundred dollars in his bank accounts.

Additionally the Debtor's Statement of Affairs contains false information. It indicates that the only business in which he was engaged in the six years preceding the filing of the petition was Indian Fantasy. This is false in that the Debtor admits that he had been the president of American Girls since its inception in 1984.

The Debtor's false statements regarding his car, cash on hand and, the cash surrender value of his insurance policies are not cured by the fact that such property may be partially or wholly exempt in as much as none of this property is listed in his schedule of exempt property. Section 522(l) of the Bankruptcy Code specifically directs a debtor to file a list of property that the debtor claims as exempt. The Debtor's statement in his Schedules that he is claiming *315 as exempt all exempt property inadvertently omitted from these schedules is ineffective and completely inadequate as a substitute for actually listing the property he claims as exempt. Allowing such a practice would place an onerous burden on the bankruptcy trustee and creditors to investigate into every asset of a debtor to determine if it qualifies as exempt property, a task which is the debtor's responsibility.

b. The False Oaths Made By The Debtor Are Material

...Section 727(a)(4)(A) requires that a debtor must have made a false statement of a material matter, that is a matter material to the condition of the estate. See In re Steiker, 380 F.2d 765, 768 (3rd Cir.1967); In re Vogel, 16 B.R. 546, 550 (Bankr.S.D. Fla.1981). "The subject matter of a false oath is `material' and thus sufficient to bar discharge in bankruptcy, if it bears a relationship to the debtor's business transactions or estate, or concerns discovery of assets, business dealings or existence or disposition of his property." In re Montgomery, 86 B.R. 948, 956 (Bankr.N.D.Ind. 1988); See In re Mascolo, 505 F.2d 274, 277 (1st Cir.1974); In re Kessler, 51 B.R. 895, 899 (Bankr.D.Kan.1985). "Thus a debtor may not be able to escape denial of discharge for making false oath merely by asserting that the admittedly or falsely stated information concerned a worthless business relationship or holding". In re Montgomery, 86 B.R. at

956. See In re Chalik, 748 F.2d 616, 618 (11th Cir.1984); In re Arcuri, 116 B.R. at 881. But See In re Usoskin, 56 B.R. 805, 814 (Bankr.E.D.N. Y.1985) (pro se debtor's omission of three savings accounts totalling less than $7.00 was not bar to discharge since failure to schedule property of such inconsequential value is not bar to discharge); Matter of Yackley, 37 B.R. 253, 256 (Bankr.W.D.Mo. 1983) (not regarded as duty of debtor to schedule worthless assets). The fact that the Debtor has failed to disclose its interest in property that turns out to have little or no value to the estate may be the basis for denying the debtor its discharge because "the determination of relevance and importance of the question is not for the Debtor to make. It is the Debtor's role simply to consider the question carefully and answer it completely and accurately." In re Diodati, 9 B.R. at 808. See Morris Plan Industrial Bank v. Finn, 149 F.2d 591, 592 (2d Cir.1945); In re Merritt, 28 F.2d 679 (9th Cir.1928) (discharge denied for failure to reveal interest in automobile notwithstanding Debtor's contention that counsel advised him that there was no equity); In re Condura, 5 B.C.D. 578, 579-80 (S.D.N.Y.1979). The materiality of the false oath does not require that the creditors were prejudiced by the false statement. In re Robinson, 506 F.2d 1184, 1188 (2d Cir. 1974); In re Slocum, 22 F.2d 282, 285 (2d Cir.1927); In re Bailey, 53 B.R. at 735; In re Diodati, 9 B.R. at 808 (that stock is worthless is not excuse for failure to list in schedules); In re Mazzola, 4 B.R. 179, 183 (Bankr.D.Mass.1980) ("fact that stock may have been worthless . . . is no excuse for not listing it").

It is this Court's decision that even if each falsehood or omission considered separately may be too immaterial to warrant a denial of discharge pursuant to § 727(a)(4)(A) certainly the multitude of discrepancies, falsehoods and omissions taken collectively are of sufficient materiality to bar the Debtor's discharge. Assuming the undisclosed property was of little value or exempt and the Bank failed to prove that the Debtor's concealment of his business associations wrongfully deprived the estate of assets, this court would nonetheless conclude that the Debtor's false oaths are material because they relate to the Debtor's assets and business dealings, and taken as a whole are misleading to both the court and the creditors as to the nature and extent of the Debtor's business transactions and estate.

c. The Statements Were Made Knowingly And With The Requisite Fraudulent Intent

The plaintiff has the burden of establishing that the debtor made a false oath both knowingly and fraudulently. "While the burden of persuasion rests at all times on the creditor objecting to the discharge, it is axiomatic that the debtor cannot prevail if he fails to offer credible evidence after the creditor makes a prima facie case." In re Reed, 700 F.2d 986, 992-93 (5th Cir.1983). Therefore even though the plaintiff has the burden of proving his objection to discharge, the burden of going forward may shift after the plaintiff establishes a prima facie case, Matter of Brooks, 58 B.R. at 464, and a debtor's failure to offer a satisfactory explanation when called on by the court to do so is a sufficient ground for denial of discharge. See In re Devers, 759 F.2d 751, 758 (9th Cir.1985).

---

...

The Bank has made its prima facie case by proving all the elements necessary to establish a violation of §
727(a)(4)(A). It has proven that the Debtor made false oaths by making numerous false statements in his
Schedules and Statement of Affairs and this court finds as a matter of law that the false statements were
made as to matters which are material to this bankruptcy case. Furthermore, even if it could be argued
that the Bank has not shown the Debtor acted knowingly and fraudulently, the Bank has proven that the
Debtor acted with the requisite intent by establishing through circumstantial evidence that he made these
statements with reckless disregard for the truth as evidenced by the shear number of omissions,
discrepancies and falsehoods found in the Debtor's Schedules and Statement of Affairs. The many false
statements present in the Schedules, and the fact that the Debtor's description of his estate and business
transactions given in the Schedules is in many ways incongruous with testimony given in the § 341
meeting and Rule 2004 examinations, even if considered in a light most favorable to the Debtor, show a
reckless disregard for the truth.

The Debtor has failed to meet his burden of going forward by failing to offer a satisfactory explanation
for the existence of the false statements contained in his Schedules and Statement of Affairs. Instead of
explaining how and why these false statements were made, the Debtor raises two arguments: that the
various false statements are immaterial and, the Debtor lacked fraudulent intent.

It should be noted that this is not a case where a pro se debtor, unaware of the modus operandi of a
bankruptcy case made inadvertent or understandable errors. This court agrees with the proposition that an
honest debtor should not be *317 denied a discharge on the basis of harmless errors resulting from
inadvertence on the part of a debtor who prepared his own schedules without any legal assistance. In re
Kirst, 37 B.R. 275, 278 (Bankr.E.D.Wisc. 1983). However, this Debtor was represented by counsel and
had time to carefully complete the Schedules and Statement of Affairs with the assistance of counsel as
evidenced by the fact that the § 341 meeting was adjourned to give the Debtor time to file the same. Thus
the Debtor's failure to offer a satisfactory explanation for the existence of the many false statements in
his schedules after the Bank had established a prima facie case is grounds for denial of discharge.

The Debtor contends that an inference of fraudulent intent should not be drawn from the false oaths
because he eventually disclosed the truth. For example, the Debtor admitted during the course of the §
341 meetings that he had an interest in Indian Fantasy and that he may have had funds in his checking
accounts at the time the involuntary petition for relief was filed. "Subsequent disclosure by the debtor is
not sufficient to overcome the allegations of false oath or account." In re Braun, 98 B.R. at 386. As stated
in In re Trauger, 101 B.R. 378, 382 (Bankr.S.D.Fla.1989):

Luedtky cases (Ex A)  make it clear the issue is to be decided on evidence . Luedtke even confirm under the 2005 law , it is the court's duty to review good faith and look at the facts.

  **

   as in the Motion   which the court  The law lists the elements of same

and   both the Sapru and Luedtke case ( Ex B) make it clear the court has a duty to find good faith and    t is to be decided on evidence ,   which would call for an evidentiary hearing

(c) Evidence on a Motion. When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions.

 .

   Here there were   facts  outside the record [2],   and  the sole evidence  was by the undersigned .

_____

   The Defendants seek to mitigate the consequences of their acts by explaining that they disclosed the various hidden items after discovery. First, such is not a cure. Second, if this type of conduct were to be condoned and would cure denial of discharge, chaos in the Bankruptcy Courts would result because bankrupts would be encouraged to falsify filings with the concept of a later remedy by disclosure if it subsequently appeared that the false filings would be discovered. Such makes no sense. Id.

The aggregate of the Debtor's misstatements and omissions of fact demonstrate a pattern of reckless and cavalier disregard for the truth, with the intent of concealing the requisite financial information from the court and the Bank. In re Shapiro, 59 B.R. at 849.

end of  quote

   [2]   This is even more so where there was further irregularity where while the  court
 indicated had  reviewed the    filings by the undersigned the   court did not seem to be familiar with them, aware they were verified, aware they were supported by evidence m aware   it included  issues of tax fraud and even more so was not aware DSO issues,  both of which  figured  prominently
   This is even more so where the court    itself sought to raise hearsay objections on information the undersigned indicated she had issued a subpoena for and asked for a direction where a motion to quash was pending ( having ruled only on the one on the employer) where it is the understanding of the undersigned unobjected to hearsay can be admissible, there is a residual exception and the   stated plan was to have the debtor on the stand and see first if gave a truthful answer. It is also the understanding of the undersigned the role of the court is not to make evidentiary objections, that is for a party who may waive it.

———————————

   This is even more so where the court sought to pre decide a DSO issues saying has ruled against a hold harmless clause being a DSO, when as in the caselaw   each case is fact intensive , and would need to be a decided under the current law including <u>Wallace v Marble</u> .

 This is even more so where the    Court was aware the undersigned had been denied the full tax return and the items in LR 1030   Request which would likely   have further evidence against the debtor in addition to the multiple false claims
   The court failed to even review the claims to address the fact the lien for the undersigned was not given priority

 This is even more so where the court relied on the   unsworn statements of debtor counsel
 even where
 1 As the 9/16 schedules show this same counsel   made a likely known false statement when she said they used 4 not 6 for the number in the household  where as   pointed out by the undersigned as in EX A same was not true and she used 6

  b. The court permitted   said counel to claim a  violation of LR 1040. The  rule  is very clear it  says only if the court  grants  access   must  the   items be confidential. There was no court order ; the court was fully are instead   they were  volunteered  them and even then    the undersigned  blocked off the ssn and   childrens  names,  and it shows only what is on the  schedule.

  c The court heard the  trustee say they only had the   agreement and not te cost on health insurance ( and the hoigh costs contrary even to ACA  as the undersigned noted ) was not checked ;
  D The court heard counsel admit   OSCE was not added to the matrix as the local rule requires
  E The court permitted her to   refer to a factual questioning of the good faith and aMotion to Dismiss as :"shenanigans" and admit she had taken more than a reasonable fee, calling it in a very generous one as if to intentionally   claim as the amounts for herself
   Such a statement as coupled with the many inconsistencies and errors in the schedules hould have been taken as an admission ,

   This is especially so where as even confirmed on the   Exhibit listing for the planned evidentiary hearing , they include
  A, Ex 1-4 which   from Debtors own deposition confirms the   tax returns were not reliable as S 727 requires and instead reflects a form of dishonesty and tax fraud in not including and reporting rental income '
  B Ex 5 confirms they hid a Sc A with over $36,000 in deductions (, where they would not have met the floor for medical deductions , they would have lawfully had limited interest deductions since they had the rental income to May 2015 for the Hazelwood property, ( the loan on the Hazelwood house was from 2005 and as such likely at least $300/mo was for principal, meaning the most even without consideration of the rental income, the interest would be at most $8400, and for the Charlack house where it cost $83,000 in 2012 the loan was around $70,000 , the mortgage interest was likely at most $500/mo, the total interest was $14,400, where was the other $20,000 , there was still $20,000 in unknown deductions),

  C Ex 6 confirms they knowingly did not include the second mortgage holder

  D Ex 7-8  shows where they fraudulently double deducted the child support twice in a fraud which the undersigned had to challenge , falsely claimed all 4 children lived with them , had an odd claim of misc

Rule 9014   makes it clear when items are contested the rules of an adversary apply

Testimony of Witnesses. Testimony of witnesses with respect to disputed material factual issues shall be taken in the same manner as testimony in an adversary proceeding.

Rule 4005. Burden of Proof in Objecting to Discharge

At the trial on a complaint objecting to a discharge, the plaintiff has the burden of proving the objection.

confirming there should be a trial on an objection   to find the facts.

of $400 and $800 plus in utilites and other exteme and excessive expenses

E EX   8 shows where on p 44 they   Hs $13,351 for the PFC judgment when the county records show it was $3300

F Ex 9 shows in April they   were behind a one month on the first mortgage and   still did not pay it
9b-3 ws on the April plan   showing they signed it under oath with zero for unsecured with   ec 9fg a copy of the actual judgment

G EX 10-12 is a copy of the sworn   circuit court financial statement also under criminal penalties for perjury   where   filed with a court under oath, with the court   mistakenly contending a bankruptcy may be the first time listed   Assets and expenses and income where did so for the same house   less than 6 mos, the same house as in in 2007    As well as his may deposition    on the same expenses

H EX 13 is a copy ofthe custody plan , on which where the trustee said there are 3 ways courts   apply the standards with visitng children, the court was obligated to rule which one applied here

I EX 14 was a copy of the DSO pages along with the Form 14 showing the ex wife had zero income and Was awarded maintenance

J EX 16 was the signed form from the creditors meeting where they falsely listed 4 children was with them half time, when the daughter does not visit and have no expenses for food, utitilites etc for her, and where they claimed they spent the $7xxx tax refund on bills and   household goods, and yet they showed only $2000 in goods, do not show they paid bills, and if not for new value would be apreference, with no claim the trustee asked or saw how the refund was spent

K EX 17 and 18 are circled portions of the   errors, false statements and inconsistencies , in the Objection, even as mentioned even where they claimed $125 or $250 /mo  for education when there are no costs by him for the public schools and where the tax payroll deductions are excessive
L EX19 are the pages questioned on the plan in the Objection and Motion   includingwhere they despite what the Trustee said the   debtors snuck in a provision to claim the refund for themselves and pay the  lawyer instead of the creditors where it is not for the benefit of the estate or reasonable .

As such there should have been an evidentiary  hearing   and while  due process  may take time, it is  a cornerstone of our system of  justice..