United States Bankruptcy Court

Eastern District of Missouri

In re Paul Wojciechowski

And Mary Wojciechowski ) 16-42442

Judge K Suratt -States

_____

Susan H Mello LLC

Plaintiff

v Paul Wojciechowski et al

Defendants )16-04087

Creditor's Motion to amend et al

Comes now Creditor Susan H Mello LLC and moves to amend the following May 17 2023 orders

- Doc No 496 on Dec 2016 Doc 2018 Motion for recusal ( and the supplements)

- Doc No 526 on Oct -Dec 2016 listed motions and memos Doc 114, 119, 213, 233, 241,

- Doc No 281 and 282 which purport to be the findings and judgment on the adversary as taken under submission in 2017 and then not ruled on until May 17 2023

as contrary to law and the rules .

This is so

I On the May 2023 order denying the 2016 Motion for recusal which was based on untimeliness

1. While in April 2016 debtors filed an initial petition under ch 13 of the Code, they then submitted repeated amended schedules and plan and in 2016 up to and including on September 15, 2016, with the undersigned filing an amended claim on or about October 24, 2016.

2 Following a hearing held October 14 2016, after having obtained the transcript,

on November 28 2016 ( doc 197 in the adversary case 16-4087) and doc No 188 in the main case with the court file showing receipt and acceptance of the payment for transcript received on or about November 29 2016, including such transcript the undersigned filed the attached verified Motions to  recuse , and then supplemented same .

   3 Despite the pendency of same, the court continued on the case,   and did not address the recusal motion until May 17 2023, more than six years later and as in doc no   496 in the series of  est 50 orders entered that day , the court found since some of the   exhibits were from items dated  July, Aug and Sept ,2016 it had to be untimely .

    It is respectfully submitted that is not the law and not the basis of the motion which was directed to the actions at the October hearing , on which the transcript was not obtained until on or about November 29 2016.

    It is also not the holding in Steward, supra, wher e what was actually stated by the 8th Circuit :

"The timeliness doctrine under § 455 `requires a party to raise a claim at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim.'" Id. (quoting Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003)). Here, Appellants did not file their first motion to recuse until September 24, 2013, more than four months after their participation in the case began — and most notably, immediately after the bankruptcy court entered an order compelling discovery and indicated an unwillingness to tolerate further obfuscation.[8] The timeliness requirement under § 455 is intended "to avoid the risk that the party might hold its application as an option in the event the trial court rules against it," which appears to be what happened here. Id.

 End of quote

 As   such   not only must there be actual knowledge of the facts and how they support such a claim, with time alloted for research but the risk is holding the application as an option which clearly was not done, it was submitted before the next hearing date .

   Indeed as the court can even properly look to as example of another court

applying what are effectively federal rules and where the parties are all Missouri residents, when this same issue was raised in Missouri appellate courts, it was even recognized that the there has to be time for research. Here, it was not until after October 2016 hearing, especially where enmity and hostility can be a matter of a tipping point, especially when similar to claims of discrimination considerations can include whether there were isolated instances or a pattern of conduct, no lawyer or litigant should be faulted for doing the research and obtaining the transcript.

As in Polish Roman Catholic Parish v Hettenbach 303 S.W.3d 591 (MO App ED 2010) the church Debtors contended made such purported monthly contributions to as a member when it comes to lack of timeliness not only would there need to be some factual basis for finding the delay was intentional but time needs to be alloted to review voluminous material ( where as the docket sheet from Sept 2016 to November 2016) shows there were near daily filings to respond to as well as the time needed to obtain the transcript and to review the law for the court, as well as research the standard.

This is especially an error here where there are no such findings, and where as confirmed there would be a basis for a reasonable person to find enmity and hostility. The file shows this is ongoing not just in the other rulings but even in 2023 in refusing to even allow added time for litigant dealing with documented fatigue and exhaustion medical issues as well as the lingering effects of a concussion to address the large number of rulings as had to try to download.

3 It would also place form over substance and be at odds with the importance as a matter of basic due process in having a fair judge.

II On the rulings on the claim as unsecured, the court failed to actually address the issues

including how   not only was there a contractual lien and Mo state lien by statute

and here that lien extended to the work ( which was mostly if not mainly  directed at

freeing him from maintenance order   and the impact it had on his ownership of

real property he reaffirmed , which was free of the judgment lien and DSO

 of the maintenance and DSO attorney fees claim of his former spouse's

lawyer, only due to the work of the undersigned, and at minimum

was entitled to a lien and security status for at least some of the   est $30,xxx

owed.

   Not only did the court ignore the statutory lien , ignored that maintenance

in Mo courts is treated differently than child support , and can have a lien on maintenance

but overlooked , the undersigned was not seeking a lien for the party obtaining same

the lien was for freeing up the house from a judgment lien for unpaid amounts

and what would be DSO fees .   The Court also overlooked    What RS MO 484.130 actually

says is :484.130.  Compensation of attorney governed by agreement — lien upon client's cause of action. — The compensation of an attorney or counselor for his services is governed by agreement, express or implied, which is not restrained by law.  From the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor, and the proceeds thereof in whosesoever hands they may come; and cannot be affected by any settlement between the parties before or after judgment.

  End of quote

   The decision includes a settlement with the lien on the cause of action, which here

primarily included to free the house   from the judgment lien and the maintenance

awarded the former spouse . And to do in where he was not subject to a DSO

fee claim by the former spouse's lawyers

These are some of the annotated cases confirming it is on settlements;

(1956) Attorney is not restricted to any particular remedy to enforce his lien. Where defendant and plaintiff settled personal injury case without consulting plaintiff's attorney and with full knowledge that suit was pending in Missouri, attorneys were entitled to recover fees from defendant notwithstanding settlement was reduced to judgment in Tennessee. Satterfield v. Southern Ry. Co. (A.), 287 S.W.2d 395.

(1967) A statutory attorney's lien is cumulative, rather than exclusive of existing rights or remedies. Downs v. Hodge (A.), 413 S.W.2d 519.....

end of quote

The rule is as a remedial statute it is to be broadly construed in favor of the lien .

. See Glenn E. Bradford and Tammy N. Etem, Attorney's Liens under Missouri Law, 56 J. Mo. B. 217, 218 (July-August 2000) .cited in Carlson v Carlson, 275 SW 3d 356 ( Mo App WD 2008);

Section 484.130 provides that, "[f]rom the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor, and the proceeds thereof in whosesoever hands they may come."

As even noted in federal court cases:

Section 484.130 is expressly for the purpose of protecting counsel who undertake filing a lawsuit or a counterclaim on behalf of his or her client in the event the attorney is successful in recovering assets as a result of the action or counterclaim." Evans v. Fed. Deposit Ins. Corp.

, 981 F.2d 978, 980 (8th Cir.1992) (Missouri law). Accordingly, "`before such a lien attaches,'" § 484.130 has been read to require that "`the attorney must commence an action or serve an

answer containing a counterclaim.'" Id. (quoting Strubinger v. Mid-Union Indem. Co., 352 S.W.2d 397, 412 (Mo.App.1961)); see also Glenn E. Bradford and Tammy N. Etem, Attorney's Liens under Missouri Law, 56 J. Mo. B. 217, 218 (July-August 2000).

Here, the undersigned did same and as such has a lien .

The undersigned did not claim it attached to his tax returns, and instead noted how the settlement obtained translated into money from tax savings from tax before the settlement, in terms of the tax deductions for the children then able to claim as deductions. Even more those deductions have a monetary value .

III . On the judgment on the adversary , the court left out the actual evidence submitted as summarized in the post judgment memo , copy attached, where even if sua sponte stricken as without leave was still a good summary of the evidence that ws submitted which included , not just promised to pay , but

A This was for a type of luxury item, not a necessity. He was not sued but initiated suit for his benefit ;

B He made the false representations of payment after he and his current wife had decided to file bankruptcy , as evidenced by the actions in Aug 2015 ( when the undersigned confirmed was going to withdraw for lack of payment) , and where they turning the utilities off in the property they planned to abandon, in a then preparation for bankruptcy with the representations false at the time made ; falsely even representing not just his intention but his assets such as his 401 K ;

C His timing of the filing was to hold off on same until the undersigned completed , not an isolated instance where this is second bankruptcy and where there were all the bad faith and dishonesty issues in their filings , even in 2019 to 2020 claims on the auto

insurance proceeds where still had the damaged car and son was using it and had in fact bought luxury items such a motorcycle and other items .

IV The undersigned has been harmed and prejudiced by same

V The court has authority similar to USDC rule 60B to the e xtent as in rule 9024:

Rule 9024. Relief from Judgment or Order

Primary tabs

Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60©, (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by §727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by §1144, §1230, or §1330. In some circumstances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending.

Rule 60. Provides : Relief from a Judgment or Order

Primary tabs

(a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

End of quote

These provisions apply especially as taken together , given the length of time taken under submission, with no indication any transcript or recording was s reviewed.

Wherefore the undersigned moves the above be amended, set aside, corrected and vacated, and such other relief as proper .

By  Susan H Mello MO Bar 31158

for Susan H Mello and Susan H Mello LLC

415  Tuxedo

St Louis Mo   631119\

314  721 7521

SusanMello@ gmail.com

for  Movant /Creditor. Plaintiff aforesaid

Certificate of Service

The  undersigned served a copy  per the court's procedures where there is no one not on the list of those to be sent or  entitled to notice who would not already  be receiving copies from the court  on 5/30/23 /s/  Susan  Mello