# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **In Re:** | ) | In Proceedings Under |
| | ) | Chapter 13 |
| PAUL M. WOJCIECHOWSKI, and | ) | |
| MARY E. WOJCIECHOWSKI, | ) | Case No. 16-42442-659 |
| | ) | |
| **Debtors.** | ) | |
| | ) | |

## MOTION TO STRIKE CREDITORS' OBJECTION TO DISCHARGE, OR IN THE ALTERNATIVE, RESPONSE IN OPPOSITION

Comes Now Paul and Mary Wojciechowski ("Debtors") and in support of their Motion and Opposition, states as follows:

### I. INTRODUCTION

1. This matter is before the Court on *Creditors' Objection to Discharge* ("Objection") filed by Susan H. Mello and Susan H. Mello, LLC (collectively "Creditors") on June 13, 2023. (Doc. # 576). The Objection makes no reference to 11 U.S.C. §§ 522(q) or 1328(h). However, the Objection was filed in close proximity in time to the *Notice of Deadline to Object to Discharge Based on 11 U.S.C. §§ 522(q) and 1328(h)* ("Notice"). (Doc. #564).

2. Debtors do not concede that the Objection constitutes an objection to discharge pursuant to 11 U.S.C. § § 522(q) or 1328(h) or that it is properly before this Court.

### II. JURISDICTION

3. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157.

### III. STATEMENT OF RELAVANT FACTS

4. Debtors filed a petition for relief under Chapter 13 of the United States Bankruptcy Code on April 11, 2016 ("Petition Date"). (Doc. # 1).

5. Debtors completed the terms of their confirmed plan on April 2, 2021, when the Trustee received Debtors' final payment of $1,124.00.

6. Creditors filed two separate adversary complaints objecting to Debtors' discharge (collectively "Adversaries"). (See Adversary 16-4087 and 16-4179).

7. The Adversaries were adjudicated in Debtors' favor. (Adversary 16-4087, Doc. #281 and Adversary 16-4179, Doc. #124).

8. On June 5, 2023, the Court sent out a *Notice of Deadline to Object to Discharge Based on 11 U.S.C. § § 522(q) and 1328(h)*. (Doc. # 564).

9. On June 13, 2023, *Creditors' Objection to Discharge* was filed. (Doc. # 576).

## IV. STATEMENT OF THE LAW

10. A debtor "convicted of a felony (as defined in section 3156 of title 18), which under the circumstances, demonstrates that the filing of the case was an abuse…" is not eligible for a discharge. 11 U.S.C. § 522 (q)(1)(a)

11. A debtor is not eligible for a discharge, if a debt arises out of: a) violation of any Federal or State securities laws, regulations or orders; b) "fraud, deceit, or manipulation in a fiduciary capacity or in connection with the purchase or sale of any security…"; c) "any civil remedy under section 1964 of title 18;" or d) "any criminal act, intentional tort, or willful or reckless misconduct that caused serious physical injury or death to another individual in the preceding 5 years." 11 U.S.C. § 522 (q)(1)(b)

12. A debtor is not eligible for a discharge, if a) 11 U.S.C. § 522(q)(1) is applicable to debtor; and b) "there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B)." 11 U.S.C. § 1328 (h).

13. Notice sets out that a party objecting to a debtor's discharge is required to "have a good faith belief that the grounds set forth ONLY 11 U.S.C. § 1328(h) exist." (Doc. #564).

14. The Notice "does NOT extend the general deadline for objecting to the entry of a discharge on any other grounds." (Doc. #564).

15. Dismissal under 11 U.S.C. § 1307(c) is discretionary. Discharge under of 11 U.S.C. § 1328(a) is mandatory once a debtor has completed all payments under the plan and met the other requirements of this section. *In re Holman*, 567 B.R. 599, 613 (Bankr. Kan. 2017) (affirmed by the District Court on appeal in *Davis v. Holman (In re Holman)*, 594 B.R. 769 (D. Kan. 2018)).

16. Once a debtor completes all plan payments, the court lacks discretion to dismiss a case "in spite of" bad faith or misconduct and must grant debtor a discharge, if he is otherwise eligible. *Id* at 614.

17. Denying debtor "the discharge to which § 1328(a) unequivocally entitles them would effect a penalty that the Bankruptcy Code simply does not contemplate." *In re Holman*, 2017 WL 3025929, at *3 (Bankr. D. Kan. July 14, 2017) (Denial of Trustee request to stay entry of discharge pending appeal).

### V. ARGUMENT

18. The Objection, inarticulately and speciously, alleges Debtors:

   a) "have submitted incomplete, incorrect and even false statement;"

   b) "show a disregard of the duties of disclosure and honesty;"

   c) "failed to see even basic payments were timely made, while as informed and believes purchasing luxury items, such as home renovations, and Missouri casenet he incurred legal fees debt (sic);"

   d) "not withdrawing and still contending needs the insurance proceeds on a vehicle;"

e) "no satisfaction of judgment by the former wife, while the April 2022 judgment shows only three children are the subject of any child support as of the older son was emancipated (sic);" and

f) "DSO was payment of medical expenses where he was often claimed to be in arrears and left out the GAL and his former wife's lawyer on his form where those were DSOs in the amount of $3600 and with his duty to include same (sic)".

19. None of the allegations in Creditors' Objection are grounds for a denial of Debtors' discharge under 11 U.S.C. § § 522(q) or 1328(h).

20. Creditors have generally accused the Debtors of bad faith, dishonesty and general misconduct during the course of their bankruptcy.

21. Assuming[1] the allegation set out above in ¶18 a) – e) are accurate, Debtors would still be entitled to a discharge because they have completed all the payments under their plan. Discharge, after completion of all payments under the plan is mandatory pursuant to 11 U.S.C. § 1328(a), "in spite of" bad faith and/or misconduct. This Court has no discretion to deny Debtors a discharge once the last plan payment is tendered to the Trustee, if the Debtors are eligible and otherwise complied with the requirements of § 1328. (See *In re Holman*, 567 B.R. 599 (Bankr. Kan. 2017) and *In re Holman*, 2017 WL 3025929, (Bankr. D. Kan. July 14, 2017)).

22. Debtors are at a complete and total loss as to the nature of Creditors' allegations as set forth below:

a) "no satisfaction of judgment by the former wife;"

b) "DSO was payment of medical expenses where he was often claimed to be in arrears;" and

c) "left out the GAL and his former wife's lawyer on his form where those were DSOs in the

---

[1] All assumptions are for the purpose of Debtors' Motion and Opposition, only, and are not to be construed as an admission.

4

amount of $3600 and with his duty to include same (sic)."

23. For the purposes of Debtors' Motion and Opposition, Debtors are assuming Creditors, without any basis in fact, are alleging Paul Wojciechowski ("Paul") is not current in his domestic support obligations owed to Patricia Wojciechowski ("Patricia") and failed to schedule a debt owed to "the GAL and his former wife's lawyer."

24. Debtors' schedules disclosed a debt owed by Paul to Elaine Pudlowski ("Pudlowski") for GAL fees, Debtors' plan provided for her payment, counsel for Debtors filed a claim for her benefit on September 26, 2016, and she was paid through the life of Debtors' plan. (Doc. #1, Schedule E and Claim 26).

25. Debtors' schedules do not disclose a debt owed by Paul to Patricia's former attorney because no debt was owed to Patricia's former attorney on the Petition Date. (Exhibit A).

26. Creditors have no actual knowledge of the status of Paul's domestic support obligations nor do Creditors have any basis, let alone a good faith basis, for believing Paul is not current.

27. Contrary to Creditors' allegations, the question of whether Paul was current in his domestic support obligations, contemporaneously with Debtors' making the last payment under the plan, was unequivocally answered in the *Agreed Order Settling Plaintiff's Complaint to Quiet Title and for Declaratory Judgment* ("Agreed Order"). (Adversary 20-04077, Doc. #6).

28. On May 12, 2021, Patricia Wojciechowski executed the Agreed Order stipulating to, among other things:

   a) "Defendant did not file a complaint seeking to except from Plaintiff's Chapter 13 discharge any debt owed to her or arising out of Judgment of Dissolution of Marriage;"

   b) "Any obligation by Plaintiff 'to remove Trish from the 2nd mortgage no later than June 30, 2013' is in the nature of a property settlement as defined by 11 U.S.C. § 523(a)(15) and not

excepted from discharge in Plaintiff's Chapter 13;"

c) "Defendant agrees that as of the date of the execution of this Agreement, Plaintiff is current in his monthly support obligations due and owing Defendant;"

d) "Defendant agrees that the Final Judgment was entered in violation of the automatic stay;" and

e) "…[N]or will she cooperate with or provide information to Susan H. Mello in any capacity at any time, now or in the future." (Adversary 20-04077, Doc. #6).

29. Under the circumstances, Creditors had no basis, good faith or otherwise, for having filed their Objection.

30. A cursory review of the state court divorce matter and/or the lengthy dockets in Debtors' bankruptcy and the multiple adversary complaints would have demonstrated to the Creditors that the allegations in the Objection were without any basis in fact.

31. A brief reading of the Notice and/or the bankruptcy code would have demonstrated to Creditors that the allegations in the Objection were not of the type outlined in 11 U.S.C. § § 522(q) or 1328(h) and that there was no legal basis for filing the Objection.

VI. BASIS FOR AND RELIEF REQUESTED

32. Fed. R. Civ. P. 12(f) allows the striking of any pleading that is redundant, immaterial or impertinent.

33. For the Objection to be properly before this Court, Creditors' Objection must be based only on grounds set forth in 11 U.S.C. § 1328(h).

34. The Notice did not extend the deadline for Creditors to object to Debtors' discharge on any basis not set out in 11 U.S.C. § 1328(h).

35. Creditors' Objection is an attempt to circumvent this Court's prior rulings in the Adversaries.

6

36. Debtors are seeking an order from this court striking Creditors' Objection as frivolous or in the alternative denying the Objection as not complying with the requirement that any objection be based on the grounds set forth only in 11 U.S.C. § 1328(h).

37. Assuming, Creditors' allegations of bad faith and misconduct are accurate, Debtors are still entitled to a discharge because payments are complete under the plan.

38. Creditors failure to have Debtors' case dismissed, for bad faith and/or misconduct, prior to completion of plan payments, prevents Creditors from now attempting to prevent Debtors' discharge based on conduct during the plan.

## VII. CONCLUSION

Wherefore Debtors pray this Court enter an order striking Creditors' Objection or in the alternative denying Creditors' Objection as failing to comply with the requirement that any objection be based on the grounds set forth only in 11 U.S.C. § 1328(h) and for such other and further relief as this Court deems just and proper under the circumstances.

Respectfully Submitted,

*/s/Angela Redden-Jansen*
Angela Redden-Jansen, #85064
Attorney for the Debtor
3350 Greenwood Blvd.
Maplewood, MO 63143
(314) 645-5900
amredden@swbell.net

## CERTIFICATE OF SERVICE

The undersign hereby certifies that on this 14th day of June, 2023 a copy of the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Chapter 13 Trustee, US Trustee, Susan H. Mello and any other party requesting electronic notice.

*/s/ Angela Redden-Jansen*

STATE OF MISSOURI   )
                    ) ss.
COUNTY OF ST. LOUIS )

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI
FAMILY COURT DIVISION

| | |
|---|---|
| PATRICIA WOJCIECHOWSKI, ) | Cause No. 12SL-DR03170 |
| Petitioner, ) | |
| ) | Division 37 |
| v. ) | |
| PAUL WOJCIECHOWSKI, ) | |
| Respondent. ) | |

### ATTORNEY'S WITHDRAWAL OF GARNISHMENT

COMES NOW J. Michael Benson and dismisses his garnishment filed in the above cause, stating that all available records show that the monies due in this cause were paid on or before October 2, 2014.

J. Michael Benson
/s/J. Michael Benson, #28832
Attorney for Petitioner
9666 Olive Blvd., Suite 300
St. Louis, MO 63132
mbensonlaw@sbcglobal.net
(314) 721-0004 * (314) 692-7152 – fax

I hereby certify that on January 21, 2021 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following.

Angela Redden-Jansen
Attorney for Respondent
3350 Greenwood Blvd.
Maplewood, MO 63143

/s/J. Michael Benson
J. Michael Benson, #28832
Attorney for Petitioner
9666 Olive Blvd., Suite 300
St. Louis, MO 63132
mbensonlaw@sbcglobal.net
(314) 721-0004 * (314) 692-7152 – fax

EXHIBIT A